**GENERAL FOODS CORPORATION,**
**Plaintiff,**

**v.**

**STRUTHERS SCIENTIFIC AND INTERNATIONAL CORPORATION,**
**Defendant.**

**Civ. A. No. 3566.**

United States District Court
D. Delaware.

Feb. 19, 1969.

See also D.C., 290 F.Supp. 122; D.C., 45 F.R.D. 375.

Arthur G. Connolly, Sr., Arthur G. Connolly, Jr., of Connolly, Bove & Lodge, Wilmington, Del., and Michael J. Quillinan, White Plains, N. Y., of counsel, for plaintiff.

Edmund N. Carpenter, II, and Robert H. Richards, III, of Richards, Layton & Finger, Wilmington, Del., for defendant.

## OPINION

STEEL, District Judge.

General Foods filed a complaint against Struthers Scientific and International Corporation (hereinafter "Struthers Scientific") which, as amended, contains two counts (hereinafter "the complaint"). The first count alleges the existence of an actual controversy be-

tween plaintiff and defendant in that defendant claims and plaintiff denies that plaintiff is infringing defendant's Patent No. 3,381,302. A judgment is sought declaring patent 302 invalid, unenforceable against plaintiff, and not infringed. Jurisdiction is based upon 28 U.S.C. § 1338(a).

The second count charges defendant with unfair competition by violating the terms of a contract between the parties under which plaintiff divulged in confidence to the defendant certain trade secrets developed by plaintiff which led to the production and marketing by plaintiff of "Maxim", a freeze-dried instant soluble coffee. The count further alleges *inter alia* that defendant misappropriated plaintiff's trade secrets and obtained patent 302 by utilizing these trade secrets. Relief appropriate to the claim is sought. Since residential diversity is lacking, jurisdiction is alleged to exist under the pendent jurisdiction provisions of 28 U.S.C. § 1338(b).

Plaintiff moved to file a second amended complaint. It had three purposes: (1) to join as a defendant Struthers Wells Corporation, the alleged owner of 80 per cent of the stock of defendant, which plaintiff claims is a mere instrumentality of and completely dominated and controlled by Struthers Wells; (2) to substitute for the second count relating to unfair competition a new second count seeking a judgment declaring Patent No. 3,404,007 to be invalid, unenforceable against plaintiff, and not in-

fringed by plaintiff; and (3) to add a third count charging defendant with unfair competition. This alleges that defendants wrongfully appropriated confidential information which plaintiff had supplied to them under the terms of a contract between plaintiff and Struthers Scientific, and in violation of the contract defendants, by utilizing this information, obtained patents 302 and 007 and took other actions injurious to plaintiff.

Defendant seemingly objects only to the addition of the third count.[1] Not only has defendant objected to the unfair competition allegations of the proposed third count, it has filed a motion on its own behalf under Rule 12(f), Fed.R.Civ. P., to strike the present second count of the complaint which contains the unfair competition charge, or alternatively for an order under Rule 30(b) that the matters described in the second count should not be inquired into on oral examination.[2]

It is defendant's position that this Court is without jurisdiction, pendent or otherwise, over the unfair competition claim in the present complaint or in the proposed amendment, and that even if pendent jurisdiction does exist the Court should as a matter of discretion not exercise it.

### Pendent Jurisdiction

The third count of the proposed amendment which contains the unfair

---

1. Prior to the argument defendant expressly stated it had no objection to the declaratory judgment aspect of Count II relating to the 007 patent. While it asserted it would object to having Struthers Wells added as a defendant, neither in its brief nor at the argument was any reason advanced to support this objection. No reason is perceived why Struthers Wells should not be added as a party defendant.

2. Two actions were begun by Struthers Scientific against General Foods in the Southern District of Texas—one prior to the instant action and one after it had been begun—involving alleged infringe-

ment by General Foods of the 302 and 007 patents. One of the actions also charged General Foods with misappropriating confidential information which Struthers Scientific had supplied to it, in the area of the art pertaining to these two patents. Both of these actions were transferred to this District under 28 U.S.C. § 1404(a) upon application of General Foods.

In addition, Struthers Scientific filed an action against General Foods in the District of New Jersey charging General Foods with infringing the 302 patent. This was voluntarily dismissed before the instant case was begun.

competition charged is based solely upon pendent jurisdiction insofar as Struthers Scientific is concerned, and upon both pendent jurisdiction and diversity of citizenship insofar as it asserts a claim of unfair competition against Struthers Wells. Struthers Wells and the plaintiff both have their principal places of business in New York. Diversity of citizenship is therefore lacking by virtue of 28 U.S.C. § 1332(c).[3] Jurisdiction as to Struthers Wells and Struthers Scientific, if it exists, must rest upon the pendent jurisdiction provisions of 28 U.S.C. § 1338(b). That section provides:

> "The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent or trade-mark laws."

■ Whether the Federal claim asserting that the 302 and 007 patents are invalid, unenforceable, and not infringed, is or is not "substantial" is to be determined on the basis of the pleadings, not upon the evidence ultimately introduced at the trial. Unless the pleadings demonstrate that the claim is obviously without merit or its unsoundness clearly results from previous decisions, the claim is "substantial". American Securit Co. v. Shatterproof Glass Corp., 166 F.Supp. 813, 824 (D.Del.1958), aff'd on other grounds, 268 F.2d 769 (3d Cir. 1959), cert. denied, 361 U.S. 902, 80 S.Ct. 210, 4 L.Ed.2d 157, reh: denied, 361 U.S. 973, 80 S.Ct. 584, 4 L.Ed.2d 553 (1960). On this basis, plaintiff's claim is substantial. Defendant makes no contrary contention.

Defendant does contend, however, that the unfair competition claim in Count II of the complaint and in Count III of the proposed amendment, is not "related" to the declaratory judgment which plaintiff seeks under the patent law.

A fair reading of Count II, as it now exists, charges defendant with misappropriating trade secrets with respect to freeze-dried instant coffee, which is the subject of the 302 patent, in violation of an agreement between the parties. Defendant points out that Count III of the proposed amendment would broaden this charge materially by alleging misappropriation by defendant of confidential information not only upon which the 302 and 007 patents are based, but more comprehensively "relating to the manufacture of freeze-dried coffee and other products" and "about related operations and plans for future operations of plaintiff" (Proposed Amended Complaint ¶ 16); matters which defendant contends can have no possible relationship to the litigation concerning the validity, enforceability and infringement of patents 302 and 007.

Apparently recognizing the force of defendant's argument, plaintiff asserts that if it is allowed to amend the complaint the unfair competition issues which will be presented will be limited to the claims that:

"1. Struthers' '302 and '007 patents are based on information misappropriated from General Foods.

2. Struthers has in bad faith filed suits against General Foods involving these two patents knowing the patents are based on information misappropriated from General Foods.

3. Struthers has misappropriated General Foods' confidential information in the dewaxing, freeze concentration, and freeze drying of coffee extract areas and improperly disclosed this information to others, offered it for sale to others, and actually sold it to others.

4. Struthers has filed other patent applications here and abroad based upon confidential information misappro-

---

3. "For purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business * * *." 28 U.S.C. § 1332 (c).

priated from General Foods dealing with dewaxing, freeze concentration, and freeze drying of coffee extract, and is attempting to obtain patents thereon." [4]

Issues 1 and 2 listed above are unquestionably related to the validity of patents 302 and 007 which is one of the subjects of proposed Counts I and II. Issues 3 and 4 pertain to the wrongful use which defendants have made of the allegedly purloined information in addition to their utilization to obtain patents 302 and 007. Nevertheless, issues 3 and 4 derived from "a common nucleus of operative fact", United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966), i. e., the alleged misappropriation by defendants of confidential information from plaintiff which is relevant to the priority of invention issue involved in proposed Counts I and II. Certainly, the Federal patent claims alleged by plaintiff in Counts I and II of the proposed amendment and the State unfair competition claims alleged in Count III would be tried in one proceeding if their Federal and State sources were ignored. Pendent jurisdiction, therefore, exists for the Court to hear the entire controversy, United Mine Workers v. Gibbs, supra, 383 U.S. at 725, 86 S.Ct. 1130, assuming that the issues tried under proposed Count III are limited, as General Foods has agreed they will be, to the four issues above described. (Transcript of Hearing, Feb. 11, 1969, at pp. 13-14).

In opposing this conclusion defendant places heavy reliance upon American Securit Co. v. Shatterproof Glass Corp., 166 F.Supp. 813 (D.Del.1958), aff'd on other grounds, 268 F.2d 769 (3d Cir. 1959), cert. denied, 361 U.S. 902, 80 S.Ct. 210, 4 L.Ed.2d 157, reh. denied, 361 U.S. 973, 80 S.Ct. 584, 4 L.Ed.2d 553 (1960). That decision was planted basically upon the pendent jurisdiction concept enunciated in Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933).

Whatever the force of the *American Securit* decision may have been before the decision in United Mine Workers v. Gibbs, *supra,* it is clear that the latter case liberalized the prior concept, Knuth v. Erie-Crawford Dairy Coop. Ass'n, 395 F.2d 420, 426 (3d Cir. 1968), and constituted an abandonment of the limitations placed on the pendent jurisdiction doctrine in Hurn v. Oursler, *supra.* American Foresight v. Fine Arts Sterling Silver, Inc., 268 F.Supp. 656, 661 (E.D.Pa. 1967). United Mine Workers v. Gibbs, *supra,* is, therefore, the touchstone for determining pendent jurisdiction and not American Securit, *supra.* Under the *United Mine Workers* case, pendent jurisdiction exists with respect to the unfair competition charged in the proposed third count, limited as it is to the four issues above outlined.

### *Discretionary Exercise of Pendent Jurisdiction*

Pendent jurisdiction need not be exercised in every case in which it is found to exist. It is a doctrine of discretion and not of right. Its justification lies in considerations of judicial economy, convenience, and fairness to the parties. When these are not present the Federal Court should hesitate to exercise jurisdiction over state claims. United Mine Workers v. Gibbs, *supra,* 383 U.S. at 726, 86 S.Ct. 1130.

On February 7, 1968—some four months before the present action was begun—Struthers Scientific, the defendant herein, began an action against plaintiff herein, General Foods, in the Supreme Court of New York. This charged General Foods with unfair competition. The complaint alleged in the first cause of action that Struthers Scientific had developed trade secrets in the nature of know-how, concepts, designs and techniques for processes for the removal of water from coffee by freeze concentration; that on August 12, 1964, the parties entered into a contract which was

---

4. Plaintiff's Reply Brief in Support of Its Motion to Amend Its Complaint at 5 (Document 45).

superseded by one entered into on September 30, 1965, for the sale for development purposes of a system comprised of freeze concentrating equipment for use as part of a pilot plant and subsequently of a commercial plant in Hoboken, New Jersey. The complaint further alleges that pursuant to these contracts Struthers Scientific disclosed in confidence to General Foods the secrets, know-how, concepts, designs and techniques which were used in Struthers Scientific's freeze concentration process; that in violation of the 1965 agreement General Foods constructed a plant in Houston, Texas which used these trade secrets, and that General Foods marketed under the name of "Maxim" instant soluble coffee produced through the use of Struthers Scientific's freeze concentration process. The second cause of action alleged in New York may, for present purposes, be considered identical with the first cause of action although the two do differ in details. In the New York action Struthers Scientific sought an injunction against the non-disclosure provisions of the 1965 contract, damages for breach of contract, an accounting of fair and reasonable royalties, and profits.

General Foods' answer embodied two counterclaims which in effect charged Struthers Scientific with wrongfully appropriating, in violation of the contract of 1965, trade secrets possessed by General Foods pertaining to the production and marketing of "Maxim" instant soluble coffee through the use of General Foods' freeze concentration process. Relief which General Foods sought against Struthers Scientific was substantially like that which Struthers Scientific sought against General Foods.

The New York action was pleaded to issue on April 8, 1968, about ten weeks before the complaint in the instant case was filed in the District of Delaware.

During the argument on the present motions it was asserted by Struthers Scientific—and not denied by General Foods—that approximately 20,000 documents had already been produced in connection with the New York action. (Transcript of Hearing, Feb. 11, 1969, at p. 36).

There are numerous factors which, when considered cumulatively, argue in favor of this Court withholding its pendent jurisdiction to adjudicate the unfair competition claims either under Count II of the present complaint or Count III of the proposed amendment. These include the priority of the New York action, the discovery which has taken place in it, the fact that all parties have their principal place of business in New York and one Delaware lawyer would be dispensable if the controversy were litigated in New York[5], and the further fact that the 1965 contract provides:

> "The entering into, construction, interpretation, performance and discharge of this contract shall be governed by the law of the state of New York."

There are, however, countervailing considerations to be evaluated. The parties are here involved in a patent infringement controversy which only a Federal Court—and not the New York State Court—has jurisdiction to resolve. While the New York Court has before it charges and countercharges pertaining to unfair competition, the issue of priority of invention as between Struthers Scientific and General Foods is importantly involved in the patent litigation in this Court. Resolution of the priority issue will necessarily entail an examination of the question of which, if either, of the parties wrongfully appropriated from the other trade secrets relevant to the patent art. The acts of wrongdoing referred to in issues 3 and 4 above with which

---

5. Each party is represented by prominent attorneys in New York and Delaware. The Delaware lawyer for General Foods has stated that he will be the trial lawyer even if the action is tried in New York.

The attorney for Struthers Scientific stated that there was no reason to think that he (the attorney for Struthers Scientific) would be involved in the New York litigation.

defendant is charged, although seemingly irrelevant to a resolution of the patent infringement question, nonetheless involve proof which will overlap in substantial part that required to establish or refute issues 1 and 2. Although there is no proof of the fact in the record, it was asserted at the argument by General Foods and not denied by Struthers Scientific that the condition of the calendar in New York is such that a trial cannot be reached with the dispatch that is possible in this jurisdiction. (Transcript of Hearing, Feb. 11, 1969, at p. 29).

The question of the discretionary exercise or withholding of pendent jurisdiction over the unfair competition claims is a close one. On balance it seems desirable for this Court to grant General Foods' application to amend the complaint without impinging upon the rights of the parties to go forward in the New York action. Both actions are at the discovery stage and it is to be assumed that the parties will have no difficulty in agreeing that discovery in each action will be equally available for use in the other, provided of course that the evidence is competent and relevant.

■■ The issue of whether pendent jurisdiction has been properly assumed is one which remains open throughout the litigation. United Mine Workers v. Gibbs, *supra*, 383 U.S. at 727, 86 S.Ct. 1130. Should events develop subsequently which indicate that for reasons other than those herein discussed it would be unwise for this Court to further consider the unfair competition charges of Count III (subject to the limitations expressed by General Foods in issues 1 to 4 above), defendant may renew its application to eliminate the unfair competition issues from the case.

The motion of plaintiff to file the second amended complaint is granted. In view of this ruling, the motion of defendant to strike Count II of the present complaint, or alternatively for a protective order under Rule 30(b), is moot.

Let an order be submitted.