**354**

**GENERAL FOODS CORPORATION,
Plaintiff,**

v.

**STRUTHERS SCIENTIFIC AND INTER-
NATIONAL CORPORATION, and
Struthers Wells Corporation, Defend-
ants.**

**Civ. A. No. 3566.**

United States District Court
D. Delaware.

June 25, 1969.

Arthur G. Connolly, Sr., Arthur G.
Connolly, Jr., of Connolly, Bove & Lodge,
Wilmington, Del., and Michael J. Quil-
linan, White Plains, N. Y., of counsel, for
plaintiff.

Edmund N. Carpenter, II and Robert
H. Richards, III, of Richards, Layton &
Finger, Wilmington, Del., for defendant.

OPINION

STEEL, District Judge.

The motion of defendants to amend
their counterclaim against plaintiff is
resisted by plaintiff upon the ground
that diversity of citizenship is lacking
between it and defendants and no other
ground of Federal jurisdiction exists
upon which the Court may properly
adjudicate the proposed amendment.

The plaintiff, General Foods, initiated
the present action against the defend-
ants, Struthers Scientific and Interna-
tional Corporation (hereinafter "Struth-
ers Scientific") and its alleged parent,
Struthers Wells Corporation.[1] Struthers
Wells is alleged to own 80% of the
stock of, and to completely dominate and
control, Struthers Scientific which is as-
serted to be its instrumentality. The
first and second counts of the second
amended complaint (hereinafter "com-
plaint") seek a declaratory judgment
that U.S. Patents Nos. 3,381,302 and
3,404,007, owned by Struthers Scientific,
are invalid, unenforceable and not in-
fringed by plaintiff. The two patents
relate to freeze-dried coffee. Jurisdic-
tion over these counts is based upon 28
U.S.C. § 1338(a).[2]

The third count of the complaint
charges defendants with unfair competi-
tion. It alleges that under a contract be-
tween plaintiff and Struthers Scientific,
the latter undertook to assist plaintiff in
developing certain equipment for the

---

[1]. A history of the various suits between
the parties is contained in an earlier opin-
ion by this Court in 297 F.Supp. 271 (D.
Del.1969).

[2]. 28 U.S.C. § 1338(a) provides:
"The district courts shall have original
jurisdiction of any civil action arising
under any Act of Congress relating
to patents, copyrights and trade-marks.
Such jurisdiction shall be exclusive
of the courts of the states in patent
and copyright cases."

freeze concentration of coffee extract, that pursuant to the relationship defendants had access to certain confidential information developed by plaintiff relating to the freeze-dried coffee, and that defendants misappropriated this information in violation of the terms of the contract and of the fiduciary duty which they owed to plaintiff. The complaint likewise alleges that defendants have misused the information thus obtained from plaintiff in various specified ways. Jurisdiction over the unfair competition phase of the complaint was sustained in 297 F.Supp. 271 (D.Del.1969) under 28 U.S.C. § 1338(b) which provides:

> "The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent or trade-mark laws."

In addition to filing an answer which denied the allegations of the complaint and asserted affirmative defenses, defendants filed a counterclaim for unfair competition against plaintiff. In essence, defendants claim that Struthers Scientific had developed certain confidential information relating to freeze-dried coffee which it had disclosed to plaintiff in confidence, and that plaintiff misappropriated it and misused it in various specified ways.

The proposed amendment to the counterclaim alleges that disclosure of the confidential information by Struthers Scientific to plaintiff was pursuant to a contract between them, and that the misappropriation of the information and its misuse by plaintiff was in violation of the contract and of a fiduciary duty which the plaintiff owed to Struthers Scientific. Various acts of misuse are expanded beyond those alleged in the initial counterclaim and closely parallel the acts of misuse which the plaintiff in the complaint has charged the defendants with.

 It may be assumed that Federal jurisdiction would be lacking if the allegations of the proposed amendments to the counterclaim, standing alone, were the subject of an independent action by the defendants against plaintiff. Nevertheless, under the circumstances of the instant case, power to adjudicate the proposed counterclaim exists under the Court's ancillary jurisdiction. This is for the reason that the cause of action alleged in the proposed amendment arises out of the same transaction or occurrence which is the subject of the unfair competition claim in the complaint.

The subject of ancillary jurisdiction over a counterclaim is discussed at length in Great Lakes Rubber Corp. v. Herbert Cooper Co., Inc., 286 F.2d 631 (3d Cir. 1961). There it was pointed out that Rule 13(a), Fed.R. Civ.P., pertaining to compulsory counterclaims cannot extend the jurisdiction of the Federal Court. It said, nevertheless, that whether ancillary jurisdiction exists and whether a counterclaim is compulsory are to be answered by the same test, and that the same considerations that determine whether a counterclaim is compulsory decide also whether a court has ancillary jurisdiction to adjudicate it. Both, said the Court, are designed to abolish the same evil, *i.e.*, piecemeal litigation in the Federal Courts. Continuing, the Court said (286 F.2d at 634):

> "We have indicated that a counterclaim is compulsory if it bears a 'logical relationship' to an opposing party's claim. Zion v. Sentry Safety Control Corp., 3 Cir., 1958, 258 F.2d 31. *See also* United Artists Corp. v. Masterpiece Productions, Inc., 2 Cir., 1955, 221 F.2d 213, 216. The phrase 'logical relationship' is given meaning by the purpose of the rule which it was designed to implement. Thus, a counterclaim is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts. Where multiple claims involve many of the same factual issues, or the same factual and legal issues, or where they are offshoots of the same basic controversy between the parties,

fairness and considerations of convenience and of economy require that the counterclaimant be permitted to maintain his cause of action."

Here the "logical relationship", as defined in Great Lakes Rubber Corp. v. Herbert Cooper Co., Inc., *supra,* between the unfair competition allegations in the complaint and in the proposed amendment, is plain. The essence of both is that the parties worked together in matters relating to freeze-dried coffee and that during this time each misappropriated information from the other relating to this subject. The opposing claims of unfair competition involve many of the same factual and legal issues and are offshoots of the same basic controversy.

Plaintiff points out that Rule 13(a), Fed.R. Civ.P., which makes mandatory the pleading of a compulsory counterclaim contains an exception inasmuch as it states:

"But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action. * * * "

Plaintiff points out that the claim sought to be introduced by the proposed amendment to the counterclaim was the subject of a pending action in the Supreme Court of New York when this action was begun and that it has never been dismissed. Therefore, plaintiff argues the exception to Rule 13(a) applies and consequently the proposed amendment does not meet the test required for a compulsory counterclaim. For this reason, plaintiff concludes that no Federal jurisdiction attaches to authorize the filing of the proposed amendment to the counterclaim. This argument is fallacious in that it ignores the fact that neither Rule 13(a) nor any other Federal Rule extends *or limits* the jurisdiction of the Federal Courts. Rule 82, Fed.R. Civ.P.; Great Lakes Rubber Corp. v. Herbert Cooper, Co., supra, 286 F.2d at 633.

In its earlier opinion, 297 F.Supp. at 275–277, the Court permitted the plaintiff to amend its complaint to allege its unfair competition claim despite the pendency of an earlier New York action which asserted substantially the same unfair competition claim. At the same time the Court indicated that should further developments warrant, the defendants could renew their application to eliminate plaintiff's unfair competition claim from the present action. A similar right will be accorded the plaintiff with reference to the unfair competition claim alleged in the defendants' original counterclaim and in the proposed counterclaim.

Subject to this condition, the motion of defendants to amend their counterclaim will be granted.