### David J. MEADORS

v.

### Francis J. WALTER and Virginia J. Walter, Administrators of the Estate of Brian J. Walter.

### Civ. A. No. 72–1020.

United States District Court,
W. D. Pennsylvania.

March 8, 1973.

Lawrence Kinter, Will J. Schaaf, Erie, Pa., for plaintiff.

John G. Gent, Erie, Pa., for defendants.

MEMORANDUM AND ORDER DENYING PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM

KNOX, District Judge.

This diversity case concerns a traffic accident between a Greenville, Pennsyl-

vania resident and a Tonawanda, Erie County, New York resident occurring in Mercer County, Pennsylvania, on July 31, 1971.

Chronologically, the defendants in this action, the administrators of the estate of Brian J. Walter, brought suit against the insurance company[1] of the herein plaintiff, David J. Meadors, in a New York State Court. Since personal jurisdiction over the plaintiff does not exist in New York, that state court proceeding is alleged to be treated as a quasi in rem action against the res of any funds held by plaintiff's insurance company, if plaintiff should prove to be liable for the automobile collision.[2] Thereafter, the Pennsylvania plaintiff brought a negligence suit in this federal court against the New York defendant and obtained jurisdiction of defendant by use of the Pennsylvania Non-Resident Motorists' Statute (75 Purdon's Pa.Stat. § 2001 et seq.).

The New York defendants have answered the plaintiff's complaint with a counterclaim which alleges plaintiff's negligence as the cause of the accident causing defendant's injuries and damages. This is a compulsory counterclaim as required by Rule 13(a) of the Federal Rules of Civil Procedure, since it arises out of the same transaction or occurrence.

The plaintiff has filed a motion to dismiss the defendant's counterclaim since the defendant has state court litigation proceeding in New York on the same subject matter. The plaintiff in his brief claims that only three alternatives are possible. Either we must dismiss or stay this federal court action or dismiss or stay defendant's counterclaim, or order the defendants to dismiss the pending state suit as a condition to proceeding with their counterclaim in this court. A fourth alternative, not mentioned by the plaintiff, would be to allow both the state court and federal court actions to proceed. Although this would allow two identical suits to remain in two different forums, we believe there is no other solution as explained further herein.

The first alternative suggested by the plaintiff, that of dismissing or staying this federal suit, would not resolve the issue, since the plaintiff would be denied a forum to adjudicate his claim. Since there is no jurisdiction over the plaintiff in the state suit, he would be left without a remedy for any alleged injuries caused by the defendant.

The second alternative of dismissing or staying defendant's counterclaim involves a discussion of Rule 13(a) of the Federal Rules of Civil Procedure.[3] Rule 13(a) makes it mandatory that a counterclaim be pleaded when it arises out of the same transaction or occurrence. An exception to Rule 13(a) permits that 'such a claim *need not* be so stated if at the time the action was commenced the claim was the

---

1. Presumed to have been accomplished by a direct action statute of New York.

2. Seider v. Roth, 17 N.Y.2d 111, 269 N.Y.S.2d 99, 216 N.E.2d 312 (1966); Minichiello v. Rosenberg, 410 F.2d 106 (2d Cir. 1968), cert. den. 396 U.S. 844, 90 S.Ct. 69, 24 L.Ed.2d 94 (1969); Harris v. Balk, 198 U.S. 215, 25 S.Ct. 625, 49 L.Ed. 1023 (1905).

3. "Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under Rule 13."

subject of another pending action'. Such is the case here. The defendant was not required to plead the compulsory counterclaim since his state court action in New York is pending, but the language of Rule 13(a) clearly gives the defendant the option to counterclaim if he so desires. H. L. Peterson v. Applewhite, 383 F.2d 430 (5th Cir. 1967); Union Paving Co. v. Downer Corp., 276 F.2d 468 (9th Cir. 1960); General Foods Corp. v. Struthers Scientific Corp., 301 F.Supp. 354 (D.Del.1969). See also Moore's, Para. 1314(2) p. 13–332.

■ The third alternative of ordering the defendants to dismiss the pending state suit as a condition to proceeding with their counterclaim in this court would be improper under the antiinjunction provisions of 28 U.S.C. § 2283. Mitchum v. Foster, 407 U.S. 225, 92 S. Ct. 2151, 32 L.Ed.2d 705 (1972); Neifeld v. Steinberg, 438 F.2d 423 (3d Cir. 1971). A state court proceeding may only be enjoined by a federal court in three instances:

(a) if authorized by an Act of Congress,

(b) when necessary in the aid of the court's jurisdiction,

(c) to protect or effectuate any judgment of the court.

None of those exceptions apply here. Therefore, since Sec. 2283 prevents enjoining of the state suit, the third alternative must be abandoned. Neifeld v. Steinberg, supra; Reines Distributors, Inc. v. Admiral Corp., 182 F.Supp. 226 (S.D.N.Y.1960).

The fourth alternative of allowing the counterclaim to remain in the federal action, while not interfering in the state action seems to be the only clear course to follow. Therefore, plaintiff's motion to dismiss defendant's counterclaim is denied.