Chief Judge Desmond.
This appeal, taken by leave of the Appellate Division, brings us a question new to this court — in a personal injury action against a nonresident defendant, is defendant’s liability insurer’s contractual obligation to defend and indemnify defendant a 11 debt ’ ’ owing to defendant and as such subject to attachment under CPLR 6202? Both courts below answered that question in the affirmative. We think that is the correct answer.
The two plaintiffs, husband and wife, residents of New York, were injured in an automobile accident on a highway in Vermont, allegedly through the negligence of defendant Lemiux who lives in Quebec (the.other defendant, Roth, was the driver of a third car involved in the collision). The order of attachment directed the Sheriff to levy upon the contractual obligation of Elartford Accident and Indemnity Company to defend and indemnify defendant Lemiux under a policy of automobile liability issued by Hartford to Lemiux. Hartford is an insurer doing business in New York State and the attachment papers were served on it in New York State. The Hartford-Lemiux liability policy was issued in Canada. Lemiux was personally served in Quebec.
Defendant Lemiux moved to vacate the attachment and the service of the summons and complaint on Lemiux. Special Term denied the motion on the ground that he was bound by the Second Department decision in Fishman v. Sanders (18 A D 2d 689) where a similar contractual obligation of a liability insurer was held to be attachable. Fishman v. Sanders came to this court but *113 we did not pass on the particular question (15 N Y 2d 298). On defendant’s appeal in the present case, the same Appellate Division affirmed with one Justice dissenting alone. The majority noted that defendant-appellant was arguing for vacatur on the ground that the purported attachment was an attempt to levy “upon an obligation which is limited, conditional and dependent upon several contingencies, and is neither absolutely payable at present nor in the future ”. The court said, however, that the attachment had actually been made upon the insurer’s existing contractual obligation under the policy. The dissenting Justice said that the insurer’s obligation is not subject to attachment because it is not an indebtedness which is absolutely payable, and that nothing is or will be owing under the policy until plaintiffs recover a judgment, etc.
The controlling statutes are CPLR 5201 and 6202. While these simplify more elaborate provisions found in old sections 912 to 916 of the Civil Practice Act there does not seem to be any change in meaning. The whole question, therefore, is whether Hartford’s contractual obligation to defendant is a debt or cause of action such as may be attached. The Hartford policy is in customary form. It requires Hartford, among other things, to defend Lemiux in any automobile negligence action and, if judgment be rendered against Lemiux, to indemnify him therefor. Thus, as soon as the accident occurred there was imposed on Hartford a contractual obligation which should be considered a “ debt” within the meaning of CPLR 5201 and 6202. In fact, the policy casts on the insurer several obligations which accrue as soon as the insurer gets notice of an accident, and whether or not a suit is ever brought. For instance, under the “Insuring Agreements” and under “Additional Agreements” “ No. 2 ”, the insurer agrees upon receipt of notice of loss or damage to investigate and if expedient to negotiate or settle with the claimant. Furthermore, under “ Section B ” the insurer agrees to pay necessary medical and similar expenses of the insured and any other injured person.
A pertinent decison which cannot be distinguished away is Matter of Riggle (11 N Y 2d 73). The late Robert Biggie, who had been a resident of Illinois, was the driver of an automobile which, in an accident in Wyoming, had injured a New York resident named Mabel Wells. Mrs. Wells, in order to sue Biggie *114 in New York State, moved to have appointed in this State an administrator with the will annexed of Biggie’s property. The only property claimed to belong to Biggie’s estate in New York State was “ the personal obligation of an indemnity insurance carrier to defend him”. Section 47 of the Surrogate’s Court Act provided that, for the purpose of conferring jurisdiction upon a Surrogate’s Court, “ a debt owing to a decedent by a resident of the state ” is regarded as personal property. The careful and convincing majority opinion in this court concluded, with ample citation of precedent, that within the broad meaning of section 47 this liability insurance policy, even though no judgment had been obtained against the insured, made decedent’s estate a “ creditor ” and the insurer a “ debtor ” sufficient for the purposes of the statute. It is interesting to note that the dissenting Judge in Matter of Biggie conceded that the insurance company’s obligation “ to defend and contingently indemnify ’ ’ was a debt, but he was of the opinion, contrary to that of the majority, that the insurer was not a resident of the State within the meaning of section 47. The reasoning of the Biggie case is sound and calls for an affirmance here. Decisions just like Biggie, some of them quite old, are found in other States (Gordon v. Shea, 300 Mass. 95 [1938]; Furst v. Brady, 375 Ill. 425 [1941]; Robinson v. Carroll, 87 N. H. 114).
It is said that by affirmance here we would be setting up a ‘ ‘ direct action ’ ’ against the insurer. That is true to the extent only that affirmance will put jurisdiction in New York State and require the insurer to defend here, not because a debt owing by it to the defendant has been attached but because by its policy it has agreed to defend in any place where jurisdiction is obtained against its insured. Jurisdiction is properly acquired by this attachment since the policy obligation is a debt owed to the defendant by the insurer, the latter being regarded as a resident of this State, as Riggle holds in so many words at pages 76 and 77 of 11 N Y 2d.
Not only has the law question in this case been decided by Riggle but there is no policy reason against requiring the insurer to come in to New York and defend as to an accident which occurred in Vermont injuring New York residents, any more than there was in Oltarsh v. Aetna Ins. Co. (15 N Y 2d 111) where for the first time we held that when New York residents were *115 injured outside the State we would allow a direct action in Hew York against the insurer although there was nothing in previous Hew York law permitting it.
The order appealed from should he affirmed, with costs, and the certified question answered in the affirmative.