Louis B. Heller, J.
In this negligence action, plaintiffs obtained jurisdiction of the defendants by the attachment of defendants’ liability insurance policy issued by the Phoenix Assurance Co. of New York on the authority of Seider v. Roth (17 NY 2d 111).
Plaintiffs now move for an order directing the Phoenix Assurance Co. of New York to furnish plaintiffs’ attorney a photocopy of the defendants’ insurance policy in force on March 16, 1968, the date of the accident which is the basis of this action, or any other liability policy covering the defendants. CPLR 6220 provides as follows:
“ § 6220. Disclosure.
“ Upon motion of any interested person, at any time after the granting of an order of attachment and prior to final judgment in the action, upon such notice as the court may direct, the court may order disclosure by any person of information regarding any property in which the defendant has an interest, or any debts owing to the defendant. ’ ’
In Simpson v. Loehmann (21 N Y 2d 305), the court held that the insurer’s obligation to the defendants constitutes a debt to its assured and represents a property right which is subject to attachment and that its value is the face amount of the policy. In order to determine the nature of defendants’ coverage under their liability policy, the court is of the opinion that plaintiffs would be entitled to be apprised of the nature, terms and amount of insurance carried by the defendants.
In opposition to this motion, the attorney for the defendants and for Phoenix Assurance Co. of New York urges the following:
‘‘ Initially, your deponent submits that this material is not presently in the possession of the respondent since the practice and procedure employed by the insurance carrier follows a course of action wherein no copy of the policy of insurance issued any of its assureds is retained by the carrier. Consequently, it becomes apparent that the PHOENIX ASSURANCE COMPANY OF NEW YORK cannot make available an exact photocopy of its policy No. FAP-048085.”
The motion is granted to the extent that a photocopy of the insurance policy attached be furnished to plaintiffs within ten days, or in lieu thereof, there shall be furnished to plaintiffs’ attorney an affidavit by an officer of Phoenix Assurance Co. of New York, with knowledge, stating that the insurance company does not have possession of such policy and that it is unable to obtain possession thereof. The order to be entered on this motion shall further provide that in the event that the policy is not furnished, that the Phoenix Assurance Co. of New York *241 appear and submit to an examination before trial by an officer, agent or employee with knowledge of the facts concerning the amount, terms and conditions of the liability policy attached, the examination to he held at Special Term, Part II, of this court at a time to be fixed in the order. The order shall also provide that a specimen of the insurance policy involved and the hinder or other record indicating the amount and the terms and conditions of the policy, or other records relevant to the examination concerning the insurance policy or policies issued to the defendants be produced in connection with the examination for use pursuant to CPLR 3111. The Advisory Committee’s notes to CPLR 6220 seem to evidence an intention to extend the scope of disclosure under CPLR 6220 to disclosures authorized by article 31 of the CPLR (7A Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 6220.03).