Robert A. **KIRCHMAN**, Plaintiff-Appellant,

v.

Maurice **MIKULA**, etc., Defendant-Appellee.

No. 30963.

United States Court of Appeals, Fifth Circuit.

June 11, 1971.

William P. Rutledge, Domengeaux, Wright & Bienvenu, Lafayette, La., for plaintiff-appellant.

Patrick A. Juneau, Jr., J., Michael Fernandez, Jr., Voorhies, Labbe, Fontenot, Leonard & McGlasson, Lafayette, La., for defendant-appellee.

Before AINSWORTH, INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

Plaintiff Kirchman, a citizen of Louisiana, filed this diversity suit for damages for physical injuries against defendant Mikula, a citizen of New Jersey not sojourning in Louisiana, growing out of an automobile accident which occurred in the State of New Jersey in 1969. He sued out a nonresident writ of attachment by garnishment (pursuant to Article 3544 of the Louisiana Code of Civil Procedure) against Government Employees Insurance Company, Mikula's insurer, which company does business in the State of Louisiana, claiming that the insurance coverage afforded by the insurance company was subject to attachment. Thereafter, the defendant moved to vacate and dissolve the writ of attachment and to dismiss the suit for lack of jurisdiction on the ground that defendant Mikula is a citizen of New Jersey, the accident occurred in New Jersey, and there is no property of defendant subject to a writ of attachment in the State of Louisiana. The motions to dismiss were granted by the District Judge and we think correctly so.

The attempt to confer jurisdiction on the Federal District Court in Louisiana fails because there is no property of defendant subject to attachment in Louisiana which could confer jurisdiction. Plaintiff relies on the New York rule as stated by Seider v. Roth, 17 N.Y.2d 111, 269 N.Y.S.2d 99, 216 N.E.2d 312 (1966), in which the New York Court of Appeals held that a policy obligation to defend and indemnify represented an attachable debt under that state's law and procedure. So far as we can determine, no other state—certainly not Louisiana—has so held. Nor do we think it likely that the Louisiana courts would support the *Seider* view. The Louisiana Direct Action Statute (La.R.S. 22:655) which *permits direct actions against insurance* carriers has been interpreted in Webb v. Zurich Insurance Company, 251 La. 558, 205 So.2d 398 (1967), by the Louisiana Supreme Court to limit the applicability of that Statute to an accident or injury which occurs within Louisiana or to a policy written or delivered in Louisiana. The attempt here to confer jurisdiction in Louisiana in this New Jersey accident against a New Jersey citizen, and indirectly against its insurer, by nonresident attachment, is accordingly without merit.

Affirmed.