Abbaham J. Gellinoff, J.
In this negligence action, plaintiff has acquired jurisdiction over the nonresident defendant by attaching the contract of liability insurance that defendant has with G-reat American Insurance Company, pursuant to the doctrine expounded in Seider v. Roth (17 NY 2d 111). In the instant motion, plaintiff seeks an order directing Great American to deliver to the Sheriff the face value of the policy, or “ sufficient surety to pay the payment of any judgment ”. Great American opposes the motion, claiming that the “debt ” is, at present, too intangible, and is not now owing to defendant, thereby precluding the levy (CPLR 6214, subd. [d]).
In Seider, which was reaffirmed in Simpson v. Loehmann (21 N Y 2d 305), the Court of Appeals held that an insurance com *4 pany*s obligation to defend its insured, and to pay any judgment awarded against Mm, was a sufficiently tangible u debt ” to be subject to attachment and thus to be the predicate for in rem jurisdiction. But the court emphasized in Seider (p. 113) that it was the obligation to defend which “ imposed on Hartford a contractual obligation which should be considered a ‘ debt’ ”. Indeed, in a later decision, the court ruled that Beider and Simpson “ depend upon the construction that an indemnitor’s duty to defend is a present duty and, therefore, a current asset” (Glassman v. Hyder, 23 N Y 2d 354, 359).
The Court of Appeals has thus made apparent that its holding in Seider did not go so far as to rule that the ultimate liability to pay a judgment was a presently existing debt subject to levy prior to judgment. And the court’s attention has not been called to any case in which a court has so drastically extended the rule in Seider (supra). (See Victor v. Lyon Assoc., 21 N Y 2d 695, app. dsmd. 393 U. S. 7.) Neither law nor policy supports plaintiff’s position, and the motion is accordingly denied.