493 F.2d 1109
 Stephen SACHER, Plaintiff-Appellant,
v.
COLUMBIA STEAMSHIP COMPANY et al., Defendants, American
Steamship Owners Mutual Protection and Indemnity
Society in New York, Defendant-Appellee.
No. 74-1222 Summary Calendar.*
*Rule 18, 5 Cir.; see Isbell Enterprises Inc.
v.
Citizens Casualty Company of New York et al., 5 Cir., 1970,
431 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 May 8, 1974.
 
 Owen J. Bradley, David Gertler, New Orleans, La., for plaintiff-appellant.
 John W. Sims, J. Barbee Winston, New Orleans, La., for American S/S Owners.
 Ward R. Jones, New Orleans, La., for Columbia S/S Co.
 William E. Wright, Charles F. Lozes, New Orleans, La., for other interested parties.
 Before COLEMAN, DYER and RONEY, Circuit Judges.
 PER CURIAM:
 
 
 1
 The plaintiff-appellant was injured aboard the S.S. COLUMBIA BANKER, in the Pacific Ocean. The Vessel was owned by the Columbia Steamship Company, which, in turn, was insured by American Steamship Owner's Mutual Protection and Indemnity Association, Inc. The policy of insurance was both written and delivered in the State of New York. The plaintiff attempted to bring suit against both his employer, the steamship company, and, through the Louisiana Direct Action statute (LSA-P.S. 22:655), the insuror of his employer. The District Court granted summary judgment in favor of the defendant insurance company on the ground that the Louisiana Direct Action statute cannot be applied against an insurance company with reference to an accident which did not take place in the State of Louisiana and where the policy was neither written nor delivered in that State.
 
 
 2
 Under the authority of Kirchman v. Mikula, 5 Cir., 1971, 443 F.2d 816 (citing Webb v. Zurich Insurance Company, 251 La. 558, 205 So.2d 398 (1967), the judgment of the District Court is
 
 
 3
 Affirmed.