■ LUCY BERTUCCI, Appellant, v RED TOP SEDAN SERVICE, INC., Defendant. OLD REPUBLIC INSURANCE CO., Respondent.—In a negligence action to recover damages for personal injuries sustained in the State of Florida, in which action an order of attachment had been granted by the Supreme Court, Richmond County, on February 27, 1973, plaintiff appeals from an order of the same court, entered October 24, 1973, which granted a motion by the garnishee upon whom the attachment order was served to vacate the order of attachment. Order reversed, with $20 costs and disbursements, the garnishee's motion is denied and the order of attachment and the attachment made thereunder are reinstated. The time within which defendant may answer the complaint is hereby extended until 20 days after entry of the order to be made hereon. The order of attachment was served on the garnishee in New York on April 11, 1973, thereby attaching the policy of liability insurance which the garnishee had issued to defendant prior to February 23, 1972, on which date plaintiff's injuries were allegedly sustained. Under *Seider v Roth* (17 NY2d 111), if the policy was still in effect on the day the attachment order was served, the policy could be attached as an asset of defendant in New York so as to give plaintiff *in rem* jurisdiction against defendant in New York. The respondent contends it canceled the policy on October 31, 1971, but it does not show how it was canceled and whether the cancellation was in accordance with the statutory provisions of Florida's financial responsibility laws pertaining to motor vehicle owners and operators in Florida. That statutory law governs the alleged cancellation of the policy at Bar. It is uncontradicted that (1) the policy was filed, prior to the accident date, with Florida's Bureau of Financial Responsibility (which administers matters as to the financial responsibility of Florida's automobile owners to respond to their liability for damage claims of the public arising out of the operation of their automobiles); (2) the policy had thus been filed pursuant to subdivision (1) of section 324.181 of the Florida Statutes (which, *inter alia,* provides that no motor vehicle liability policy thus filed can be deemed canceled by the insurer "unless ten days notice of such cancellation shall be given to the commissioner [Florida's Commissioner of Insurance] on a form prescribed by him"); (3) neither defendant nor the garnishee gave any notice whatsoever of the alleged cancellation of the policy to the Florida commissioner prior to May 8, 1973; and (4) Florida's Bureau of Financial Responsibility notified plaintiff's attorney on June 26, 1972, and the garnishee on May 8, 1973, that the policy had not been duly canceled as of these dates. Thus, since the policy was in force and effect as to plaintiff when he was injured, the attachment was proper. It supports *in rem* jurisdiction against defendant. Moreover, although unnecessary for this determination, we note in connection with the public protective purpose of Florida's financial responsibility law that it is further uncontradicted that (1) from October 31, 1971, when the abortive cancellation of the

policy occurred, until January 1, 1972, defendant's "producer" of insurance (so-called) had not obtained any substituted policy of motor vehicle liability insurance for defendant, leaving the latter completely uninsured during that period, except insofar as the public was protected by the above financial responsibility statute (Florida Statutes, § 324.181); (2) that neither defendant nor the garnishee has shown on this record that the policies allegedly substituted on January 1, 1972 were duly filed and approved, and complied with Florida's motor vehicle financial responsibility laws (see Florida Statutes, § 324.201, concerning the necessity of the owner of a motor vehicle to return his license and registration to the Florida Department of Motor Vehicles when his financial responsibility policy is canceled, and § 324.021, subd [8] and §§ 324.031, 324.151 as to the requirements of a valid substituted policy to avoid such forfeiture). Rabin, Acting P. J., Hopkins, Latham, Christ, and Shapiro, JJ., concur.