Cooke, J. (dissenting).
The order of the Appellate Division, upholding the attachment of the nonresident defendant’s liability insurance carrier’s contractual obligation to defend and indemnify so as to obtain quasi in rem jurisdiction over said defendant, should be affirmed.
The operative facts are simple.
Plaintiffs, father and daughter, are residents of New Jersey. The infant plaintiff, following a skiing accident in Pennsylvania, was treated for her injuries in the emergency room of defendant Read Memorial Hospital, a domestic corporation, at Hancock, New York, and by defendant Dr. Danek, a resident of New York. Two days later she was treated by defendant Dr. Hawkes, a New Jersey resident.
The instant action is based upon the alleged separate acts of malpractice of each defendant which plaintiffs claim required amputation of a portion of the infant’s leg. Defendant *152 Hawkes’ liability insurance carrier is the Federal Insurance Company, licensed to transact insurance business in New York and with offices herein. Special Term granted plaintiffs’ application to direct the attachment of said insurance carrier’s contractual obligation to defend and indemnify defendant Hawkes so as to obtain quasi in rem jurisdiction over said defendant. The Appellate Division, two Justices dissenting, affirmed.
In Seider v Roth (17 NY2d 111), it was held at page 113: "The whole question, therefore, is whether Hartford’s [the carrier’s] contractual obligation to defendant is a debt or cause of action such as may be attached. The Hartford policy is in customary form. It requires Hartford, among other things, to defend Lemiux in any automobile negligence action and, if judgment be rendered against Lemiux, to indemnify him therefor. Thus, as soon as the accident occurred there was imposed on Hartford a contractual obligation which should be considered a 'debt’ within the meaning of CPLR 5201 and 6202.” Thus, under Seider, the insurer’s obligation to defend and indemnify supports quasi in rem jurisdiction over a defendant regardless of the residence of the plaintiff. To affirm here and to permit attachment of Hawkes’ carriers’ obligation so as to obtain such jurisdiction over Hawkes is conceptually consistent with Seider and, therefore, not an extension of the Seider doctrine at all. It is merely an application of the same jurisdictional test to a different set of facts with the same fundamental result.
It is difficult to accept the majority’s reasoning (p 142) that "[w]hile the insurer’s 'duty to defend and indemnify’ has been found to be an attachable debt where the plaintiff is a resident, this special type of contract duty * * * is not of sufficient substance to support quasi in rem jurisdiction where the plaintiff is a nonresident.” It is the debt within the State owed to the nonresident defendant, when the insurer is present within the State and is regulated by the State, which supplies the quasi in rem jurisdiction, not the plaintiff’s residence (see Simpson v Loehmann, 21 NY2d 305, 309, 310). It cannot be said that the quasi in rem jurisdiction postulated in Seider is an inconsequential response of law to the reality and pervasiveness of insurance in our mobile society.
Further, as indicated in the concurring opinion, Seider does not constitute a judicially created direct action statute since it is based on traditional quasi in rem jurisdictional analysis *153 emanating from Harris v Balk (198 US 215; see Morton v Maryland Cas. Co., 4 NY2d 488). But even if Seider was so viewed, under the facts presented here, there is a sufficient State interest and nexus to exercise jurisdiction over this nonresident defendant (cf. Watson v Employers Liab. Corp., 348 US 66, 72). Since two defendants are residents of the forum State, the insurer of the third defendant is present in and regulated by it, and at least one of the resident defendants will undoubtedly cross-claim against the nonresident defendant, this State has a "substantial and continuing relation with the controversy” and "[f]or jurisdictional purposes, in assessing fairness under the due process clause and in determining the public policy of New York, such factors loom large” (Simpson v Loehmann, 21 NY2d 305, 311, supra).
There is ample basis for the majority’s position that Seider should not be overruled, it has been recently reaffirmed in Neuman v Dunham (39 NY2d 999). In any event, there is no justification for the limitation placed on Seider in this case. Aside from any constitutional questions, it is manifestly unfair to allow resident plaintiffs to use Seider to bring nonresident defendants into New York while at the same time, not through the application of forum non conveniens but simply by way of a blanket prohibition, to deny nonresident plaintiffs the use of Seider.
Chief Judge Breitel and Judges Gabrielli and Jones concur with Judge Wachtler; Judge Jasen concurs in a separate opinion; Judge Cooke dissents and votes to affirm in an opinion in which Judge Fuchsberg concurs.
Order reversed, with costs, and the motion for the order of attachment denied. Question certified answered in the negative.