## (December 7, 1978)

■ NICOLE ERNETA, an Infant, by Her Mother and Natural Guardian, WANDA ERNETA, et al., Appellants, v PRINCETON HOSPITAL, Defendant, and F. THOMAS WILSON et al., Respondents.—Order, Supreme Court, New York County, entered January 25, 1978, granting the motion of defendants Wilson and Peter to strike a prior order of attachment, pursuant to *Seider v Roth* (17 NY2d 111), and to dismiss the causes of action against said defendants for lack of jurisdiction, reversed, on the law, with $75 costs and disbursements of this appeal to appellants, and the motion denied. Notwithstanding *Shaffer v Heitner* (433 US 186), the *Seider v Roth* doctrine is alive. (See *Baden v Staples,* 45 NY2d 889.) As the dissent accurately points out, plaintiffs in this malpractice action were not residents of New York at the time of the alleged malpractice. The moving defendants are residents of New Jersey, where the malpractice is alleged to have taken place. At the time of the commencement of this action and for some time earlier, plaintiffs were residents of this State. No challenge is made to the *bona fides* of that residency. In fact, it is alleged that the infant plaintiff, now nine years of age, who suffered severe brain damage from the claimed malpractice, is presently being treated at New York City hospitals and that her schooling, therapy, and guidance are to a large degree being subsidized by the City and State of New York. We do not see that plaintiffs' nonresidence in New York at the time of the alleged malpractice is a factor sufficient to deny them the right to the *Seider v Roth* quasi in rem attachment remedy. A third defendant, the hospital, a New Jersey domiciliary, over which

jurisdiction has also been obtained pursuant to a *Seider v Roth* attachment, has appeared and has withdrawn its affirmative defense of lack of jurisdiction. The action will proceed against that defendant, in any event. The moving defendants' insurer transacts business in New York. It is in control of this litigation, has selected defense counsel, and will be in a position to make all strategic decisions. (See, e.g., *Thrasher v United States Liab. Ins. Co.,* 19 NY2d 159, 167.) The insurer's obligation to defend and indemnify that which is the subject of this litigation is an attachable debt. (CPLR 5201; *Simpson v Loehmann,* 21 NY2d 305.) Consequently, we find "minimum contacts" among the defendant, the State, and the litigation, such that the maintenance of this action does not offend "traditional notions of fair play and substantial justice." (Cf. *International Shoe Co. v Washington,* 326 US 310, 316.) Concur—Kupferman, Lupiano and Sullivan, JJ.

Murphy, P. J., and Yesawich, J., dissent in a memorandum by Yesawich, J., as follows: I dissent and would affirm the order on appeal. While *Seider v Roth* (17 NY2d 111) attachments are still allowable even after *Shaffer v Heitner* (433 US 186; see *Baden v Staples,* 45 NY2d 889), here the plaintiffs were not residents of New York at the time the cause of action accrued. Although there appears to be no dispute they were bona fide residents when the action was commenced, and are now, their nonresidency when the action accrued is a circumstance which militates against extending *Seider.* The underlying purpose of *Seider* and *Simpson v Loehmann* (21 NY2d 305), and their progeny, in permitting attachment of a defendant's liability insurance policy is to afford a convenient forum for resident plaintiffs. But in those cases the plaintiffs in fact were New York residents at the time they claimed to have suffered injury. That a plaintiff's domiciliary interest is of critical importance in a *Seider*-type attachment was clearly indicated in *Donawitz v Danek* (42 NY2d 138, 142) where a majority of the court considered the insured's duty to defend and indemnify, which has been found to be an attachable debt, a "special type of contract duty" of insufficient substance to support quasi in rem jurisdiction over a nonresident plaintiff and refused to expand the *Seider-Simpson* doctrine to embrace a plaintiff who was neither a resident at the time the cause of action accrued nor when suit was commenced. In light of the court's reluctance to expand this doctrine, assertion of jurisdiction in this instance would be an unwarranted extension of *Seider* where New York had no interest at all in the controversy at the time it arose or for several years thereafter. *(Fish v Bamby Bakers,* 76 FRD 511; cf. *Farrell v Piedmont Aviation,* 411 F2d 812, cert den 396 US 840.)