Albert B. KNAPP, Plaintiff,

v.

John BARRON, Individually and d/b/a Barron Realty and John David Gove, Defendant.

No. 79 Civ. 327 (HFW).

United States District Court, S. D. New York.

May 21, 1979.

Trubin, Sillcocks, Edelman & Knapp, New York City, for plaintiff; Marvin V. Ausubel, New York City, of counsel.

Diamond, Rutman & Costello, New York City, for defendant; Mark S. Silberglitt, New York City, of counsel.

## OPINION

WERKER, District Judge.

This diversity action was commenced in Supreme Court, New York County, and was subsequently removed to federal district court. Since there is no personal jurisdiction over the two defendants who are California domiciliaries, plaintiff, a New York domiciliary, sought jurisdiction through the attachment of defendants' insurance obligation owed by their insurance carrier, State Farm Mutual Insurance Company ("State Farm").

Plaintiff served State Farm with an order of attachment under N.Y.Civ.Prac.Law § 6214 (McKinney Supp. 1964–78) [1] and now moves under that section to extend the

---

1. § 6214. Levy upon personal property by service of order

    (a) Method of levy. The sheriff shall levy upon any interest of the defendant in personal property, or upon any debt owed to the defendant, by serving a copy of the order of attachment upon the garnishee, or upon the defendant if property to be levied upon is in the defendant's possession or custody, in the same manner as a summons except that such service shall not be made by delivery of a copy to a person authorized to receive service of summons solely by a designation filed pursuant to a provision of law other than rule 318.

    (b) Effect of levy; prohibition of transfer. A levy by service of an order of attachment upon a person other than the defendant is effective only if, at the time of service, such person owes a debt to the defendant or such person is in the possession or custody of property in which such person knows or has reason to believe the defendant has an interest, or if the plaintiff has stated in a notice which shall be served with the order that a specified debt is owed by the person served to the defendant or that the defendant has an interest in specified property in the possession or custody of the person served. All property in which the defendant is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the defendant, shall be subject to the levy. Unless the court orders otherwise, the person served with the order shall forthwith transfer or deliver all such property, and pay all such debts upon maturity, up to the amount specified in the order of attachment, to the sheriff and execute any document necessary to effect the payment, transfer or delivery. After such payment, transfer or delivery, property coming into the possession or custody of garnishee, or debt incurred by him, shall not be subject to the levy. Until such payment, transfer or delivery is made, or until the expiration of ninety days after the service of the order of attachment upon him, or of such further time as is provided by any subsequent order of the court served upon him, whichever event first occurs, the garnishee is forbidden to make or suffer any sale, assignment or transfer of, or any interference with any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff, except upon direction of the sheriff or pursuant to an order of the court. A garnishee, however, may collect or redeem an instrument received by him for such purpose and he may sell or transfer in good faith property held as collateral or otherwise pursuant to pledge thereof or at the direction of any person other than the defendant autho-

period of time within which the sheriff or marshall must take into his custody the monetary amount of insurance coverage available under the policy issued to defendants. Plaintiff also moves to strike two affirmative defenses asserted in defendants' answer. Before addressing these motions a brief synopsis of the factual background is in order.

It appears that the order of attachment issued on November 17, 1978. The Deputy Sheriff for New York City served it on State Farm on November 27, 1978, and plaintiff moved to confirm the attachment order on November 28, 1978. Some time on or before November 29, 1978, papers in support of the motion to confirm the order of attachment were sent by certified mail to defendants in California. The motion to confirm was granted on January 9, 1979. Exactly at what point or in what manner the California defendants were served with a summons and complaint is not elucidated in the papers before me.

## DISCUSSION

█ Plaintiff's application for an extension of time under section 6214(d) and (e), see note 1, is timely. Section 6214(e) mandates that, unless an extension of time is granted by the court, the sheriff must re-

duce to his actual custody the debt to be secured within 90 days of the initial levy by service of the attachment order. Failing this, the levy by attachment order is void. Since in the instant case the sheriff's affidavit indicates that the attachment order was served on November 17, 1978, and this motion for an extension of time was filed within 90 days thereafter, there is no timeliness problem. Nevertheless, defendants oppose an extension of time and reassert certain arguments presented to and rejected by the state court at the time the confirmation of the attachment order issued.

█ First, defendants contend that the attachment order never should have issued because plaintiff has not shown a probability of success on the merits. N.Y.Civ. Prac.Law § 6212(a) (McKinney Supp. 1964–78). This court will not hear reargument of the state court's decision in issuing the attachment order, and defendants may reserve presentation of their case for trial. I also decline to address defendants' reargument concerning the allegedly unsatisfactory manner in which motion papers were served in connection with the submission of the motion to confirm the attachment order in state court. Defendants next reargue that jurisdiction obtained here under *Seider v. Roth,* 17 N.Y.2d 111, 269 N.Y.S.2d 99, 216

rized to direct sale or transfer, provided that the proceeds in which the defendant has an interest be retained subject to the levy. A plaintiff who has specified personal property or debt to be levied upon in a notice served with an order of attachment shall be liable to the owner of the property or the person to whom the debt is owed, if other than the defendant, for any damages sustained by reason of the levy.

(c) Seizure by sheriff; notice of satisfaction. Where, property or debts have been levied upon by service of any order of attachment, the sheriff shall take into his actual custody all such property capable of delivery and shall collect and receive all such debts. When the sheriff has taken into his actual custody property or debts having value sufficient to satisfy the amount specified in the order of attachment, the sheriff shall notify the defendant and each person upon whom the order of attachment was served that the order of attachment has been fully executed.

(d) Proceeding to compel payment or delivery. Where property or debts have been levied upon by service of an order of attach-

ment, the plaintiff may commence a special proceeding against the garnishee served with the order to compel the payment, delivery or transfer to the sheriff of such property or debts, or to secure a judgment against the garnishee. Notice of petition shall also be served upon the parties to the action and the sheriff. A garnishee may interpose any defense or counterclaim which he might have interposed against the defendant if sued by him. The court may permit any adverse claimant to intervene in the proceeding and may determine his rights in accordance with section 6221.

(e) Failure to proceed. At the expiration of ninety days after a levy is made by service of the order of attachment, or of such further time as the court, upon motion of the plaintiff on notice to the parties to the action, has provided, the levy shall be void except as to property or debts which the sheriff has taken into his actual custody, collected or received or as to which a proceeding under subdivision (d) has been commenced.
N.Y.Civ.Prac.Law § 6214 (McKinney Supp. 1964–78).

N.E.2d 312 (1966) is unconstitutional. This claim is frivolous in light of recent controlling case law that clearly upholds *Seider* jurisdiction. *O'Connor v. Lee-Hy Paving Corp.,* 579 F.2d 194, 197–202 (2d Cir.), *cert. denied,* 439 U.S. 1034, 99 S.Ct. 639, 58 L.Ed.2d 696 (1978); *Baden v. Staples,* 45 N.Y.2d 889, 410 N.Y.S.2d 808, 383 N.E.2d 110 (1978). Lastly, defendants contend that insufficient service of the attachment order was effected on State Farm.

The last argument warrants discussion. Section 6214(a) provides:

Method of levy. The sheriff shall levy upon any interest of the defendant in personal property, or upon any debt owed to the defendant, *by serving a copy of the order of attachment upon the garnishee,* or upon the defendant if property to be levied upon is in the defendant's possession or custody, *in the same manner as a summons except that such service shall not be made by delivery of a copy to a person authorized to receive service of summons solely by a designation filed pursuant to a provision of law other than rule 318.*

N.Y.Civ.Prac.Law § 6214(a) (McKinney Supp. 1964–78) (emphasis added). Section 311 describes how the corporate garnishee, State Farm, should have been served with the order of attachment. It states in relevant part:

Personal service upon a corporation or governmental subdivision shall be made by delivering the summons as follows:

1. upon any domestic or foreign corporation, to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service; . . .

N.Y.Civ.Prac.Law § 311(1) (McKinney Supp. 1978–79).

■■ The sheriff's affidavit of personal service on State Farm indicates that one James J. Lavelle, "agent-in-charge," accepted service for the corporation. This court equates an "agent-in-charge" with a "managing or general agent" under the statute. Defendants' attorney apparently is ignorant of, or has studiously avoided reference to,

this portion of the statute. He merely protests service on the basis that Lavelle is not an "officer" or "agent authorized by appointment or by law to receive service." This argument is meritless if Lavelle is the managing or general agent in State Farm's office. If Lavelle is *not* the managing or general agent, as indeed he seems to be (and a New York state court appears to have so found), defendants must notice a motion to dismiss for want of jurisdiction. In this connection I also note that defendants conjecturally imply in a "declaration" that the California defendants may not have been properly or timely served with a summons and complaint. Defendants' attorney must surely know whether in fact his own clients were procedurally correctly served under the New York Civil Practice Law and Rules and whether they were served within 60 days of issuance of the order of attachment as is required under N.Y.Civ.Prac.Law § 6213 (McKinney Supp. 1964–78). If they have *not* been so served, counsel is directed to move to dismiss this suit.

■ If any motion to dismiss for lack of jurisdiction is to be submitted, defendants are ordered to file such motion within 20 days from entry of this decision. Since counsel have failed to file memoranda of law upon the submission of these motions, attention must be directed to Rule 9(b) of the *General Rules of the United States Courts in New York* :

Upon any motion the moving party shall serve and file with the motion papers a memorandum setting forth the points and authorities relied upon in support of the motion divided, under appropriate headings, into as many parts as there are points to be determined. The opposing party shall serve and file with the papers in opposition to the motion an answering memorandum, similarly divided, setting forth the points and authorities relied upon in opposition. Failure to comply may be deemed sufficient cause for the denial of the motion or the granting of the motion by default as the case may be.

Accordingly, memoranda of law, along with sworn affidavits executed upon personal

knowledge by those individuals who were purportedly served improperly with a summons or order of attachment must be submitted in support of any motion to dismiss for lack of jurisdiction. Absent the filing of such motion within twenty (20) days, defendants will be deemed to have waived any jurisdictional objections.

The motion for an extension of time until 90 days after entry of final judgment under N.Y.Civ.Prac.Law § 6214(e) is granted; the motion to strike the affirmative defenses is denied without prejudice to renew at the expiration of 20 days from entry of this decision.

SO ORDERED.