OPINION OF THE COURT
Shanley N. Egeth, J.
In this action in which quasi in rem jurisdiction is based on a Seider v Roth (17 NY2d 111) attachment, defendant moves to dismiss the action upon the grounds that this court never attained jurisdiction, based upon Rush v Savchuk (444 US 320).
CPLR 3211 (subd [e]) provides that a defendant must raise a claim of lack of jurisdiction pursuant to CPLR 3211 (subd [a], par 9) by. motion prior to pleading or in an answer specifically setting forth the defense, or the right to claim the defense is waived. In this case the defendant has done neither. The defendants made no effort to preserve any position in the event of any enunciation of change of law.
*157 This court is cognizant of conflicting equities which have now arisen in innumerable cases pending in which jurisdiction was obtained based upon the Seider doctrine. If an applicable Statute of Limitations has expired, dismissal of these claims at the present time might divest countless litigants of the right to prosecute valid causes of action due to an unanticipated sudden invalidation of the law previously enunciated by our State’s highest court and given a stamp of approval by the nation’s highest court. (Hanover Ins. Co. v Victor, 393 US 7 [dismissing for want of substantial Federal question].)
On the other hand, it can appropriately be argued that if there was no right to such process, no jurisdiction was ever obtained in this State; and further that since the recent decision was sudden and unanticipated, leave should be freely given pursuant to CPLR 3025 (subd [b]) to amend the pleading for the purpose of raising the defense.
In attempting to effectuate a proper balance to achieve maximum justice for all parties, this court will not pursue a technically correct policy which results in the extinguishment of these actions.
Subject to further judicial direction from a binding appellate court, this court will attempt to effectuate agreements for consent dismissals or discontinuance without prejudice conditioned upon such reasonable terms as a defendant’s waiver of the right to assert a defense of Statute of Limitations or any other defense not presently available here which would terminate an otherwise valid action to be commenced in another jurisdiction.
It was thought that such an agreement was effectuated in this case. The defendant however, after reflection, indicated disinclination to abide by the entire agreement. This court cannot and will not compel compliance with the original agreement.
Upon the basis thereof, this court will hold the defendant to technical compliance with the provisions of CPLR 3211 (subd [e]). It finds that the defense has been waived due to failure to preserve it in motion or pleading. In this case leave to amend has not been sought and will not now be *158 granted. Under all the existing circumstances, justice will best be balanced by this disposition.
Accordingly, defendants’ motion for summary judgment will be denied and the case set down for trial in this court.