■ LINDA GUINTA, Also Known as LINDA CAFFESE, as Administratrix of the Estate of JAMES V. GUINTA, Deceased, et al., Appellants, v GEORGE D. MERRILL, Defendant, and ROY WIDENER MOTOR LINES, INC., Respondent. — In a wrongful death action, plaintiffs appeal from an order of the Supreme Court, Richmond County (Rubin, J.), dated May 6, 1980, which granted the motion of defendant Roy Widener Motor Lines, Inc., for summary judgment dismissing the complaint for lack of personal jurisdiction (which motion we deem to include a request for leave to amend the answer to assert the defendant of lack of in rem jurisdiction) and denied plaintiffs' cross motion to amend the complaint to include the corporate defendant's contacts with the designated forum, New York State. Order reversed, with $50 costs and disbursements, the corporate defendant's application to amend its answer is granted and its motion for summary judgment is denied; plaintiffs' cross motion for leave to amend the complaint is granted, and matter remitted to the Supreme Court, Richmond County, for further proceedings consistent herewith. Plaintiffs' time to serve an amended complaint is extended until 20 days after service upon them of a copy of the order to be made hereon, with notice of entry. Plaintiffs obtained quasi in rem jurisdiction in this action on December 26, 1978 by attaching the automobile insurance policy of the corporate defendant (Widener), pursuant to *Seider v Roth* (17 NY2d 111). In both its answer, dated March 16, 1979, and amended answer, dated April 6, 1979, Widener interposed the affirmative defense of lack of in personam jurisdiction. On January 21, 1980, in *Rush v Savchuk* (444 US 320), the United States Supreme Court invalidated *Seider*-based jurisdiction. Subsequently, by notice of motion dated January 24, 1980, Widener moved for summary judgment dismissing the complaint for lack of jurisdiction. Plaintiffs opposed the motion on the basis that *Rush* should not be applied retroactively, but in the alternative cross-moved to amend the complaint to plead the requisite minimum contacts for jurisdiction mandated by *Rush*. Special Term granted the motion for summary judgment and denied plaintiffs' cross motion for leave to amend. We reverse (see *Kalman v Newman*, 80 AD2d 116). The affirmative defense raised in defendant Widener's answer is that the court "lacks jurisdiction over the person of the defendant WIDENER." *Kalman* held, in an identical situation, that such a defense challenged only in personam jurisdiction, and that since no objection was made to quasi in rem jurisdiction the latter was deemed admitted. The court in *Kalman (supra,* p 126) noted that "In the face of this admission of quasi in rem jurisdiction, it was error for Special Term to deal with defendants' motion to dismiss on the merits * * * Only if granted leave to amend their answer to assert the

jurisdictional objection can defendants seek dismissal." Considering the nature of the controversy, and in the interests of judicial expediency, however, we will consider Widener's motion to also include a request for leave to amend the answer to assert the affirmative defense of a lack of quasi in rem jurisdiction. On the facts before us, we exercise our discretion (see *Phoenix Mut. Life Ins. Co. v Conway,* 11 NY2d 367, 370) to grant amendatory relief. Following *Rush (supra),* plaintiffs could still have initiated a timely action in Virginia, where the accident occurred. The fact that the Statute of Limitations in that State now bars the action is a product of plaintiffs' own creation. In addition we grant plaintiffs' cross motion for leave to amend their complaint to include allegations of defendant Widener's contacts with New York and further find that plaintiffs' affidavit in opposition to the motion for summary judgment raised an issue of fact as to whether Widener is doing business in New York. Hence, it was error for Special Term to have decided the issue of jurisdiction without a hearing. (See *Peterson v Spartan Inds.,* 33 NY2d 463.) Mollen, P. J., Damiani, Gulotta and Cohalan, JJ., concur.