## (November 9, 1981)

■ LINDA GUINTA et al., Appellants, v GEORGE D. MERRILL, Defendant, and ROY WIDENER MOTOR LINES, INC., Respondent. — Motion by appellants, *inter alia,* for reargument of the appeal from an order of the Supreme Court, Richmond County, dated May 6, 1980, which was decided by an order of this court dated June 22, 1981 (82 AD2d 873). Motion denied. On the court's own motion the decision and order, both dated June 22, 1981, are recalled and vacated and the following decision is substituted: In a wrongful death action, plaintiffs appeal from an order of the Supreme Court, Richmond County (Rubin, J.), dated May 6, 1980, which granted the motion of defendant Roy Widener Motor Lines, Inc., for summary judgment dismissing the complaint for lack of personal jurisdiction and denied plaintiffs' cross motion to amend the complaint to include the corporate defendant's contacts with the designated forum, New York State. Order modified by deleting the provision granting the corporate defendant's motion for summary judgment and by substituting a provision denying said motion. As so modified, order affirmed, with $50 costs and disbursements to plaintiffs. Plaintiffs obtained quasi in rem jurisdiction in this action on December 26, 1978 by attaching the automobile insurance policy of the corporate defendant (Widener), pursuant to *Seider v Roth* (17 NY2d 111). In both its answers, dated March 16, 1979, and amended answer, dated April 6, 1979, Widener interposed the affirmative defense of lack of in personam jurisdiction. On January 21, 1980, in *Rush v Savchuk* (444 US 320), the United States Supreme Court invalidated *Seider*-based jurisdiction. Subsequently, by notice of motion dated January 24, 1980, Widener moved for summary judgment dismissing the complaint for lack of jurisdiction. Plaintiffs opposed the motion on the basis that *Rush* should not be applied retroactively, but in the alternative cross-moved to amend the complaint to plead the requisite minimum contacts for jurisdiction mandated by *Rush*. Special Term granted the motion for summary judgment and denied plaintiffs' cross motion for leave to amend. We modify on the authority of *Gager v White* (53 NY2d 475), which limited the retroactive effect of *Rush* to cases in which quasi in rem jurisdiction was specifically objected to. Since defendant Widener's answer at bar challenged only personal jurisdiction, quasi in rem jurisdiction is deemed admitted. In the face of this admission it was error for Special Term to grant the motion for summary judgment. Mollen, P. J., Damiani, Gulotta and Cohalan, JJ., concur.