■ Andrew Chmura, Respondent, v Wanda Zielinski et al., Respondents, and Krystyna Rutkowski et al., Appellants. — In a negligence action to recover damages for personal injuries, defendants Rutkowski appeal from an order of the Supreme Court, Kings County (Jordan, J.), dated February 24, 1981, which denied their motion pursuant to CPLR 3025 (subd [b]) for leave to

amend their answer to assert the defense of lack of quasi in rem jurisdiction and to thereupon dismiss the action. Order affirmed, without costs or disbursements. This action arose from an accident which occurred in New Jersey and in which quasi in rem jurisdiction over appellants, residents of that State, was obtained pursuant to *Seider v Roth* (17 NY2d 111) by means of an attachment of their liability insurer's obligation to defend and indemnify them in New York. Appellants failed to object to the assertion over them of such jurisdiction either by pre-answer motion or in their answer. Six months after joinder of issue, the United States Supreme Court held, in *Rush v Savchuk* (444 US 320), that jurisdiction obtained pursuant to *Seider v Roth (supra)* was invalid. Appellants did not move for dismissal at that time; instead, they continued to conduct pretrial discovery. Plaintiff failed to commence a protective action in New Jersey, though he had some five months after the *Rush* decision to do so before being foreclosed by a two-year Statute of Limitations. Appellants moved for leave to amend their answer and for dismissal after the New Jersey Statute of Limitations had run, the denial of which motion is before us for review. A defendant over whom quasi in rem jurisdiction has been acquired by a *Seider* attachment of his insurance policy may invoke the *Rush* decision only to obtain a dismissal if he had objected to the assertion of quasi in rem jurisdiction by pre-answer motion or in his answer (*Gager v White,* 53 NY2d 475). Nonobjecting defendants, such as appellants at bar, "can avail themselves of *Rush* benefits only if granted leave to amend their answers to assert an affirmative defense challenging quasi in rem jurisdiction (see CPLR 3025, subd [b]; *Grenz v McLaughlin,* NYLJ, Oct. 16, 1980, p 11, col 1; McLaughlin, New York Trial Practice, NYLJ, Feb. 8, 1980, p 1, col 1). Such leave may be granted, of course, in the exercise of sound discretion 'upon such terms as may be just' (CPLR 3025, subd [b]), but whether such discretion should be exercised or denied if the plaintiff can still timely commence an action in a more suitable jurisdiction is a matter for each forum. In such circumstances, the court has the flexibility to match its sensitivities to the requirements of justice" (*Kalman v Neuman,* 80 AD2d 116, 125-126). In this case, it is true that plaintiff could have commenced a protective action in New Jersey immediately after the *Rush* decision was announced. Nevertheless, given appellants' continued defense of the action after *Rush,* and the silence of the *Rush* court on the issue of retroactivity, plaintiff justifiably relied on the continuing validity of his assertion of *Seider*-based jurisdiction. Appellants' motion for leave to amend, therefore, was properly denied, because of plaintiff's justified reliance on the *Seider* doctrine and his inability to bring a timely action elsewhere at the time of appellants' motion (cf. *Kalman v Neuman, supra,* p 127). We have examined appellants' other contentions and find them to be without merit. Mangano, J. P., Gibbons, Cohalan and O'Connor, JJ., concur.