■ Howard J. Hoffman, Respondent-Appellant, v Edward R. Dummer, Appellant-Respondent, and Triangle Leasing, Inc., Respondent. — Order unanimously modified, and, as modified, affirmed, without costs, in accordance with the following memorandum: Special Term denied defendants' motion to dismiss for lack of jurisdiction as to the individual defendant and granted the motion as to the corporate defendant. Both plaintiff and the individual defendant appeal. The sole question presented is the retroactivity of *Rush v Savchuk* (444 US 320) with respect to an action commenced under *Seider v Roth* (17 NY2d 111) by the attachment of an insurance policy in New York on November 6, 1972 against the defendants, both of whom are residents of Pennsylvania. Inasmuch as the individual defendant pleaded no affirmative defense in

its answer any objection he might have had to jurisdiction was waived and the denial of his motion was proper (see *Gager v White,* 53 NY2d 475, 488). The only objection asserted in the answer of the corporate defendant was the failure of plaintifff to comply with CPLR 6213 by commencing the action within 60 days of the granting of the order of attachment. This is not the "sufficiently particularized" objection to quasi in rem jurisdiction under *Seider* which will invoke the retroactive application of *Rush v Savchuk* (*supra*) (see *Gager v White, supra,* p 489). Special Term, therefore, should not have dismissed the action as to the corporate defendant under *Rush v Savchuk* (*supra*). The motion to dismiss was not based on the alleged failure to comply with CPLR 6213 raised in the answer. Special Term did not reach the merits of this objection, nor do we. (Appeals from order of Supreme Court, Erie County, Ricotta, J. — dismiss complaint.) Present — Simons, J. P., Hancock, Jr., Doerr, Denman and Schnepp, JJ.