Joseph **CARIFFE, Jr., an infant, by his father and natural guardian, Joseph Cariffe, Sr., and Joseph Cariffe, Sr., individually, Plaintiffs,**

v.

**Donald GRENINGER and Maria A. Greninger, Defendants.**

**Civ. A. No. 80–590.**

United States District Court, D. New Jersey.

Feb. 22, 1982.

Fred G. Van Riper, Hackensack, N. J., for plaintiffs.

Frederick S. Dunn, Jr., Lewis, Siegel & Wood, Trenton, N. J., for defendants.

## OPINION

DEBEVOISE, District Judge.

The infant plaintiff in this action, Joseph Cariffe, Jr., was injured in an automobile accident which occurred on August 27, 1974 in New Jersey. He was a New York resident as was his father, who sued as his son's guardian and on his own behalf. Defendants were New Jersey residents.

On April 20, 1977 suit was instituted by plaintiffs in the New York Supreme Court by attaching the proceeds of defendants' insurance policies upon the principles set forth in *Seider v. Roth*, 17 N.Y.2d 111, 269 N.Y.S.2d 99, 216 N.E.2d 312 (Ct.App.1966). Defendants removed the case to the United States District Court for the Eastern District of New York.

On January 21, 1980, the United States Supreme Court decided *Rush v. Savchuck*, 444 U.S. 320, 100 S.Ct. 571, 62 L.Ed.2d 516 (1980), which rejected the *Seider v. Roth* rule, holding that jurisdiction could not be established by attaching the proceeds of an insurance policy.

On February 11, 1980 defendants moved to dismiss for lack of jurisdiction. The application was denied, and on February 12, 1980 the case was transferred to the United States District Court for this District.

On October 9, 1981 defendants renewed their motion to dismiss for lack of jurisdiction.

Plaintiffs' first contention in resisting defendants' motion is that *Rush v. Savchuck* should not be given retroactive effect and, therefore, the New York State Court should be deemed to have had jurisdiction. This would make clear the Federal Court's jurisdiction now and resolve the problems defendants raise.

However, I believe the determination of the Court of Appeals for the Second Circuit in *Holzsager v. The Valley Hospital*, 646 F.2d 792 (1981), is correct, namely, that *Rush v. Savchuck* is to be given retroactive effect. The reasons for this conclusion are set forth in that opinion, and I will not repeat them here.

Defendants next contend that since the New York State Court lacked jurisdiction the concept of derivative jurisdiction compels the conclusion that the Federal Court to which the action was removed lacked jurisdiction and was required to dismiss on that ground. Defendants rely on *Witherow v. Firestone Tire & Rubber Co.*, 530 F.2d 160 (3d Cir. 1976).

I do not believe that case supports defendants' contention and, in fact, I think it leads to the opposite conclusion. There the plaintiffs filed an action in the Pennsylvania State Courts. After the action was barred under Pennsylvania law for failure to issue and serve process within the time required by Pennsylvania law, defendants removed it to the Federal Court. Defendants moved to dismiss, and plaintiffs sought to effect service of process under *Fed.R. Civ.P.* 4(h) or 28 U.S.C. § 1448.

The Court of Appeals first noted that the concept of derivative jurisdiction that commands dismissal is properly limited to jurisdiction over the subject matter—the purpose of the limitation being to ensure that a federal court will not entertain on removal actions which state courts would not entertain in the first instance. The Court further noted that the State Court lacked personal jurisdiction over the defendants by virtue of inadequacy of service of process. It assumed, without deciding, that such a defect could be remedied by the federal court. It dismissed, however, not for lack of personal jurisdiction but because the action upon which the plaintiffs were suing in a diversity case was barred by state law. That is not the situation in the present case.

What we have here is a failure to establish jurisdiction over defendants' interest in their insurance policy in the state action by reason of the death of the *Seider v. Roth* doctrine.

Thus, the New York Federal District Court had before it an action over which it had subject matter jurisdiction based on diversity, but in which *in personam* or *in rem* jurisdiction was lacking. It has been held in *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962), that if a plaintiff institutes an action in a United States district court without having personal jurisdiction over the defendant, the court, acting pursuant to 28 U.S.C. § 1406(a), may transfer the action to a district court which would have jurisdiction over the defendant. The transfer may be effected even if the statute of limitations has run. Applying *Goldlawr*, I see no reason why the District

Court for the Eastern District of New York could not transfer this case to a district where there is unquestioned *in personam* jurisdiction over the defendants. I will leave to a later date the resolution of the question whether recovery, should there be any, is to be limited to the amount of the policy originally attached or whether it is unlimited. *See Minichiello v. Rosenberg*, 410 F.2d 106 (2d Cir.), *adhered to en banc*, 410 F.2d 117 (1968), *cert. denied*, 396 U.S. 844, 90 S.Ct. 69, 24 L.Ed.2d 94 (1969).

The *Holzsager* case does not call for a different conclusion. There the New York Federal District Court transferred an action to the New Jersey Federal District Court. As in the present case, jurisdiction over the New Jersey defendants had been obtained by attaching in New York their interest in their insurance policy. The New Jersey District Court retransferred the action back to New York because, in view of New Jersey's $10,000 limit upon recoveries against hospitals, subject matter jurisdiction was lacking there. It might be inferred that were that impediment removed the District Court would have retained jurisdiction.

I conclude that the Court has jurisdiction under the circumstances of this case, and defendants' motion will be denied.