CONSUMERS DISTRIBUTING CO., LTD., Plaintiff,

v.

TELE–SAVE MERCHANDISING COMPANY, Paul Eckelberry and Steve Dutton, Defendants.

Civ. A. No. 82–2918.

United States District Court,
D. New Jersey.

Dec. 30, 1982.

---

Barry L. Eisenberg, Lasser, Hochman, Marcus, Guryan & Kuskin, P.C., West Orange, N.J., for plaintiff.

George R. Hirsch, Orloff, Lowenbach, Stifelman & Siegel, P.A., Newark, N.J., Leo Sternlicht (Ohio Bar) Schottenstein, Zox & Dunn, P.A., Columbus, Ohio, for defendants.

## OPINION

DEBEVOISE, District Judge.

■ This is an action which plaintiff, Consumers Distributing Co., Ltd., instituted against defendant Tele-Save Merchandising Company and two individual defendants, Paul Eckelberry and Steve Dutton, who were officers and shareholders of Tele-Save. Eckelberry and Dutton have moved to dismiss for lack of personal jurisdiction, or, in the alternative, to transfer the case to the Southern District of Ohio. I have concluded that the Court does not have personal jurisdiction over the individual defendants for the following reasons:

1. Plaintiffs concede that these defendants' contacts with the State of New Jersey are insufficient to give a New Jersey court jurisdiction over them for all purposes, and jurisdiction, if any, must depend upon the cause of action arising out of the New Jersey contacts.

2. Although the individuals came to New Jersey to negotiate the sales contract which plaintiff and Tele-Save executed in July, 1981, they did so as officers of Tele-Save, not as individuals. The five Counts of the complaint charging failure to make payments under the contract and related offenses do not state claims against the individuals.

3. The Sixth Count of the complaint, which charges all three defendants with conspiring to order merchandise from plaintiff for which they knew payment would not be made, alleges actions which took place in Ohio.

4. The individual defendants reside and work in Ohio and have no New Jersey contacts.

■ If there were jurisdiction over the individual defendants, I would transfer the entire action to the Southern District of Ohio pursuant to 28 U.S.C. § 1404(a) for the following reasons:

1. Normally, the choice of forum by a plaintiff, such as the plaintiff in this case, which has significant contacts with the forum will be respected even though litigation in another forum might be much more convenient to the defendants. However, there are countervailing factors in this case.

2. All of the defendants, individual and corporate, are located in Ohio and all their business records are there. The alleged fraudulent conspiracy took place there and the witnesses to it could be expected to be there.

3. Before the institution of this action Tele-Save instituted litigation in Ohio against plaintiff on causes of action arising out of the same transaction, and that action is now pending. It would be desirable for the same court to have supervision over both actions.

4. Tele-Save is in bankruptcy and an Ohio bankruptcy court is handling that proceeding.

■ After oral argument I asked the parties to brief three questions. First, was this case properly removed to the Federal Court in light of the failure of Tele-Save to join in the petition for removal? Second, if

the removal was proper, does the stay created by 11 U.S.C. § 362 prevent the transfer of this case in its entirety? Third, if the case cannot be transferred with respect to Tele-Save, can it be transferred with respect to defendants Eckelberry and Dutton?

I conclude that the case was properly removed. Generally, all defendants must join in a petition for removal to the Federal Court. However, 11 U.S.C. § 362(a) provides that a petition filed under the Bankruptcy Act "operates as a stay, applicable to all entities, of ... the commencement or continuation, *including the issuance or employment of process,* of a judicial, administrative, or other proceeding against the debtor ..." Even though plaintiff was unaware of the filing of the bankruptcy petition when it filed its complaint in the state court, the filing of the complaint against Tele-Save was unlawful and must be deemed a nullity. This is analogous to removal by one defendant without the joinder of another defendant who was not served. *Di Cesare-Engler Productions, Inc. v. Mainmen Ltd.,* 421 F.Supp. 116 (W.D.Pa. 1976); *compare Wallis v. Southern Silo Company, Inc.,* 369 F.Supp. 92 (N.D.Miss. 1973), decided under the former Bankruptcy Act and holding that when one of two defendants was bankrupt when the complaint was filed the action may be removed by the other defendant alone.

▮ Whether one views Tele-Save as having been joined improperly as a party, or whether one views it as a proper but bankrupt party as against which continuation of the action is stayed, it is permissible to transfer the action to another District. *In re Food Fair Securities Litigation,* 465 F.Supp. 1301 (Jud.Pan.Mult.Lit.1979); *In re Capital Underwriters, Inc. Securities, etc.,* 464 F.Supp. 955 (Jud.Pan.Mult.Lit.1979); *In re Franklin National Bank Securities Litigation,* 393 F.Supp. 1093 (Jud.Pan.Mult.Lit. 1975).

Since the entire action can be transferred, there is no need to determine whether it would be permissible to sever the claims against Tele-Save and transfer only the claims against the individual defendants.

As noted above, I have found that the Court does not have personal jurisdiction over Eckelberry and Dutton. Rather than dismissing the complaint as to them I shall, pursuant to 28 U.S.C. § 1406(a), transfer it to the District Court for the Southern District of Ohio, a district in which the action could have been brought. Notwithstanding the fact that the action was removed to this Court and not commenced here originally, a § 1406(a) transfer is proper. *Holzsager v. Valley Hospital,* 646 F.2d 792 (2d Cir.1981); *Cariffe v. Greninger,* 532 F.Supp. 131 (D.N. J.1982). To the extent that Tele-Save is deemed a proper party to this proceeding, the transfer will be pursuant to 28 U.S.C. § 1404(a).

I have prepared an order implementing this opinion.