■ ROYAL ZENITH CORPORATION, Respondent-Appellant, v CONTINENTAL INSURANCE COMPANY, Appellant-Respondent. — Order, Supreme Court, New York County (Rosenberger, J.), entered December 14, 1982, which denied plaintiff's motion for summary judgment and defendant's cross motion to dismiss the complaint, modified, on the law, without costs or disbursements, to the extent of granting the cross motion and dismissing the complaint, and except as thus modified, affirmed. Continental Insurance Co. insured Container Service Company for motor truck carrier's liability. Plaintiff asserted a claim against Container for damage to a printing press. After investigating, Continental disclaimed coverage based on container's alleged lack of co-operation. Thereafter, in 1977, a default judgment was entered against Container for damage to the printing press in a subrogation action instituted in plaintiff's name by Employers' Commercial Union Insurance Co., its insurer. Jurisdiction over Container in that action was obtained by an attachment of Continental's policy pursuant to *Seider v Roth* (17 NY2d 111). Continental refused to pay that judgment. As a result plaintiff brought this action on the unsatisfied judgment against Continental, pursuant to section 167 (subd 1, par [b]) of the Insurance Law. When plaintiff moved for summary judgment, challenging the sufficiency of its disclaimer, Continental cross-moved to dismiss the complaint on the ground that the judgment in the underlying action was jurisdictionally defective by virtue of the ruling in *Rush v Savchuk* (444 US 320), which must be given retroactive application. *Rush*, decided 14 years after *Seider,* held that a levy on an insurance policy cannot be the basis of an attempted 'exercise of jurisdiction over a nonresident. In denying the cross motion Special Term relied on the decision in *Gager v White* (53 NY2d 475, 483), which, in considering the question of the retroactivity of the *Rush* ruling, held that "*Rush* must be applied only when a specific objection to the assertion of jurisdiction founded on the attachment of the out-of-State defendant's liability insurance policy was preserved by appropriate motion or affirmative defense (CPLR 3211, subd [e])." Inasmuch as Continental refused to defend, and Container defaulted, the appropriate motion was never made nor the affirmative defense ever asserted. Nonetheless we do not believe that Continental is now precluded from asserting the defense of lack of jurisdiction. The issue is not one of preservation of rights, but basic jurisdiction. The attachment of the Continental policy never gave the court jurisdiction over Container. Moreover, since Container never participated in the underlying action it never submitted to the court's jurisdiction. (See *Gager v White,* 53 NY2d, at p 488.) Thus, Container's failure to challenge jurisdiction is of no moment, legally, and cannot collaterally estop Continental, which stands in its shoes, from asserting in this proceeding the lack of jurisdiction in that proceeding. The complaint is dismissed. Concur — Sullivan, Ross and Carro, JJ.

Murphy, P. J., and Kupferman, J., dissent in a memorandum by Kupferman, J., as follows: I dissent and would affirm on the opinion of Rosenberger, J., at

Special Term. It should be emphasized that the determination of the majority here puts a premium upon default. If there had been an appearance without a specific objection to jurisdiction, under *Gager v White* (53 NY2d 475), there would have been a waiver. By defaulting, Container is not put in a better position. This is neither equitable nor justifiable.