OPINION OF THE COURT
Shanley N. Egeth, J.
This is a motion by the defendant for summary judgment dismissing the instant action upon the grounds that there is no dominion over any property within this State or within the jurisdiction of this court which is capable of supporting a continuation of quasi in rem jurisdiction.
The instant action was commenced by plaintiff, a resident of *724 Michigan, to recover from her former husband, who resides in Paris, France, child support arrearages which are claimed to be due pursuant to a Mexican divorce decree.
It is conceded that there is no basis for in personam jurisdiction in New York State over this defendant. The action was commenced in New York via an attachment, in an effort to obtain quasi in rem jurisdiction over a property interest (consisting of certain securities and/or cash) which the defendant may be entitled to inherit from his deceased father in an estate proceeding pending in New York.
The order of attachment for this property, together with the underlying documents, including the summons and complaint in this action, were served by the Sheriff upon the attorneys processing the estate of the deceased father. On July 22, 1977 an order of this court extended the time for perfection of the Sheriff’s levy until October 21, 1977. On September 12, 1977 a proceeding was commenced to compel the attorneys for the estate to turn over the assets which were the subject of the attachment levy. A motion to dismiss that proceeding based upon improper service of process upon the garnishee attorneys was granted with leave to renew upon proper reservice, and a judgment of dismissal was entered on March 10, 1978. Thereafter, the said attorneys delivered to the executor possession of any property of the estate which they may have been holding, to which the levy of the attachment in the action might attach.
On March 14, 1978 plaintiff attempted to commence a second proceeding to compel the attorneys to turn over the described property. A motion to dismiss such second proceeding was granted (Kassal, J.) upon the grounds that proper service of process was again not obtained therein, and upon the additional and more important ground that the prior dismissal of the first petition "effectively voided the levy of attachment nunc pro tune to that original extension date of October 21, 1977, since the Court held that petitioner had not acquired jurisdiction of respondents [the attorneys against whom the levy was attempted].”
In substance, the afore-described order has determined that although the Sheriff initially made a levy sufficient to begin this action pursuant to CPLR 314 (subd 3) (Siegel, New York Practice, § 104, p 125), that levy was not thereafter properly perfected within the time prescribed by the statute, and in consequence the levy was voided ab initia (see Seider v Roth, *725 28 AD2d 698; Fishman v Sanders, 18 AD2d 689; Worldwide Carriers v Aris S. S. Co., 312 F Supp 172; Siegel, New York Practice, § 321, p 385).
The voiding of the levy ab initia, due to the failure to procure possession of the subject property, or to commence a proceeding to obtain an order for its turnover within the time requirements of an operative court-granted extension of time, results in their being no property subject to the jurisdiction of this court. There is therefore a lack of the requisite base for the maintenance of quasi in rem jurisdiction (see Sturcke v Link, 176 Misc 93; National Amer. Corp. v Federal Republic of Nigeria, 448 F Supp 622, 634, affd 597 F2d 314). With the unavailability of in personam jurisdiction in this action, this court may only acquire quasi in rem jurisdiction, and that only if property within this State is held available for the satisfaction of any judgment to be rendered herein. There being none, this court has acquired no jurisdiction which would permit the continuation of this action. Any judgment which might be rendered herein would be precatory and meaningless, in that there is at present no jurisdiction which would authorize its enforcement over either the person or any property of this defendant.
Although the necessity for the dismissal of the instant action is absolutely clear and compelling, the procedural history and present posture of this action and the instant motion has resulted in a situation which warrants some exploration and comment.
The statutory scheme for accelerated judgment contained in the CPLR provides for motions to dismiss for enumerated grounds prior to joinder of issue (CPLR 3211) and for motions for summary judgment after such joinder (CPLR 3212). CPLR 3211 (subd [a], par 9) authorizes a dismissal motion for lack of jurisdiction where service was made under CPLR 314. CPLR 3211 (subd [e]) authorizes a dismissal motion on one or more of the grounds contained in subdivision (a) at any time before service of a responsive pleading is required, and further prescribes that no more than one such motion shall be permitted. Subdivision (e) also contains the following language applicable to the instant motion: "An objection based upon a ground specified in paragraphs eight or nine of subdivision (a), [the ground for this motion is authorized in paragraph 9] is waived if a party moves on any of the grounds set forth in subdivision (a) without raising such objection or if, having *726 made no objection under subdivision (a), he does not raise such objection in the responsive pleading.”
Prior hereto, but after joinder of issue, this defendant moved for dismissal of the action pursuant to CPLR 3211 (subd [a]) upon a variety of grounds including a paragraph 9 of subdivision (a) claim of lack of jurisdiction. It was then claimed that the attachment order was defective, and further, that quasi in rem jurisdiction was inappropriate in this case. A further application was made in that motion for leave to serve an amended answer including, inter alla, a defense of lack of quasi in rem jurisdiction.
The motion was treated as a CPLR 3211 motion despite joinder of issue. The court rejected the arguments advanced, and denied the motion. While leave to amend the answer was granted, the right to include a defense of lack of quasi in rem jurisdiction therein was denied due to the court’s determination that the attachment was not defective, and that quasi in rem jurisdiction was appropriate.
Upon the basis thereof, this plaintiff now asserts that there has been a waiver of any present right to assert the lack of this jurisdictional defense. This claim must be rejected upon a number of grounds.
Initially, one must note the obvious fact that even a valid waiver would not justify compelling a continuation of a trial of an action in which any ultimate judgment is wholly unenforceable due to a lack of jurisdiction over the person or property of a defendant. Our courts do not and should not render wholly precatory determinations.
In the instant case, there cannot be found a valid and meaningful waiver. In most instances the basis for a claim of lack of jurisdiction is in existence and is ascertainable immediately upon the commencement of an action; and usually, jurisdiction, once obtained, cannot thereafter be lost. It is only because of the peculiar functional intricacies of the attachment statute that a situation can arise, as here, where jurisdiction is properly obtained at the outset of a case, so that objection could not properly be made, but then the jurisdiction is lost, due to the failure to perfect the levy upon which the jurisdiction is founded. To deem a waiver to take place based upon the failure to include a defense in an answer where the very facts upon which the defense is based did not arise until after service of the answer, would be more than an absurdity; it would raise serious questions of due process of law. (Cf. *727 Shaffer v Heitner, 433 US 186). This is even more compelling in this case, where the defendant has consistently raised or attempted to raise the defense (on a different factual basis) by moving improperly to dismiss pursuant to CPLR 3211 despite joinder of issue and by seeking leave alternatively to assert the defense in an amended answer. The fact that he was unsuccessful does not negate his constant effort to assert the defense. Justice and common sense demand that a rational means be found to avoid entrapment of the defendant in a super-technical procedural snare.
This court is now confronted with a summary judgment motion in which the right to the ultimate relief sought is clearly indicated but the answer does not contain the verbal allegation of the defense which is required by statute to avoid waiver. In the present posture the technically proper procedural remedy would be to deny the instant motion but grant leave to the defendant to reseek leave to amend his answer to assert the defense and then move anew for summary judgment. It is clear that the failure to grant the defendant any relief from his procedural difficulties, by absolute denial of authority to serve an amended pleading would constitute an abuse of discretion. It is equally clear to this court that it should not so slavishly adhere to meaningless and ritualistic technical requirements in an endeavor whose sole result would be to generate useless expenditure of judicial and professional time and effort. Neither the statute nor common sense mandate such a course. CPLR 104 provides that "[t]he civil practice law and rules shall be liberally construed to secure the just, speedy and inexpensive determination of every civil judicial proceeding”. The notice of motion contains a prayer for such other and further relief as may be just and proper. The court will therefore exercise its discretion by sua sponte ordering the answer amended nunc pro tune to incorporate an affirmative defense of lack of quasi in rem jurisdiction.
Upon the basis thereof, this court now grants the defendant’s motion for summary judgment. The complaint is hereby dismissed upon the grounds that the failure to perfect the attachment levy has vitiated any basis for the continued maintenance of quasi in rem jurisdiction. This decision is without prejudice to plaintiff’s right to institute any new action based upon the same cause of action, if a new basis for jurisdiction can be procured via the service of new process.