SALLY MOREHOUSE, Respondent, v VOLKSWAGEN AKTIENGE-
SELLSCHAFT, Appellant.

Third Department, May 1, 1980

### APPEARANCES OF COUNSEL

*Maynard, O'Connor & Smith (Richard M. Gershon* of coun-
sel), for appellant.

*E. Stewart Jones (E. Stewart Jones, Jr.,* and *Robert M.
Cohen* of counsel), for respondent.

### OPINION OF THE COURT

GREENBLOTT, J.

In 1970, plaintiff Sally Morehouse commenced an action in
this State to recover damages from Volkswagen Aktiengesell-
schaft, Wolfsburg, West Germany (VWAG) for injuries she

sustained in a 1967 automobile accident which had occurred in the State of Massachusetts, where there is a two-year Statute of Limitations for such suits. She had attempted to acquire jurisdiction by personally serving defendant in Germany. Defendant moved to dismiss the complaint on the grounds of lack of personal jurisdiction. The motion was initially denied, but upon reargument, was granted. This court affirmed (*Morehouse v Volkswagen Aktiengesellschaft*, 41 AD2d 1005).

In 1973, plaintiff commenced this action against defendant by attaching its insurance policy pursuant to *Seider v Roth* (17 NY2d 111). In its answer, defendant set forth an affirmative defense that the court lacked jurisdiction and that the attachment would deprive it of due process. Defendant again moved to dismiss for lack of jurisdiction, but on January 29, 1975, the motion was denied.

In June of 1977, the United States Supreme Court handed down its decision in *Shaffer v Heitner* (433 US 186). Relying on *Shaffer,* in March of 1978 defendant moved to renew or to vacate the order denying its motion to dismiss. Both requests were denied, and on appeal, this court affirmed (*Morehouse v Volkswagen Aktiengesellschaft,* 73 AD2d 738).

While defendant's motion before this court for leave to appeal to the Court of Appeals was pending, the United States Supreme Court decided *Rush v Savchuk* (444 US 320). Defendant then moved for reargument which was granted on February 11, 1980.

Generally, a change of law affecting a case which is on direct review must be given effect (*Linkletter v Walker,* 381 US 618, 627; *Kelly v Long Is. Light. Co.,* 31 NY2d 25, 29). The question raised on this reargument—whether *Rush v Savchuk (supra)*, which unquestionably signals the demise of jurisdiction based on *Seider v Roth (supra)*, should be applied to pending cases—has been answered in the affirmative by the Court of Appeals. In *Erneta v Princeton Hosp.* (66 AD2d 669), the First Department reversed an order of the Supreme Court that had granted defendant's motion to strike a prior order of attachment (based on *Seider)* and to dismiss the complaint for lack of jurisdiction. The First Department certified to the Court of Appeals the question of whether the order reversing the Supreme Court was proper (67 AD2d 640). The Court of Appeals, in a memorandum decision, answered the certified question in the negative, citing *Rush v Savchuk,* reversed the

order and reinstated the Supreme Court order *(Erneta v Princeton Hosp.,* 49 NY2d 829).

Accordingly, we grant defendant's motion to dismiss the complaint for lack of jurisdiction *(Erneta v Princeton Hosp., supra).* We add that at the time plaintiff instituted this lawsuit in New York, the Statute of Limitations in any other jurisdiction, particularly Massachusetts, had long since expired. Thus, she did not rely on the *Seider* doctrine to her detriment. We note further that defendant did not waive the defense of lack of jurisdiction; to the contrary, it was timely asserted in defendant's answer as an affirmative defense, with a specific contention that the attachment deprived defendant of due process.

The order of this court, entered December 26, 1979, should be vacated; the order of Special Term, entered July 13, 1978, should be reversed, on the law, without costs; the defendant's motion to dismiss should be granted, and the complaint dismissed.

MAHONEY, P. J., SWEENEY, KANE and STALEY, JR., JJ., concur.

Order of this court, entered December 26, 1979, vacated; order of Special Term, entered July 13, 1978, reversed, on the law, without costs; defendant's motion to dismiss granted, and complaint dismissed.