■ LUCILLE GAGER, as Administratrix of the Estate of LINDA GAGER, Deceased, Respondent, v RONALD L. WHITE, Appellant.—Order, Supreme Court, New York County, entered May 27, 1980, denying defendant's motion to dismiss the complaint for lack of personal jurisdiction, unanimously reversed, on the law, without costs or disbursements, and the motion granted. In this wrongful death action brought by the administratrix of a deceased who, prior to the time of her death, had been a New York resident, jurisdiction over defendant, a Kentucky resident, was obtained by attaching his automobile liability policy pursuant to *Seider v Roth* (17 NY2d 111). Although the action was commenced within the one-year Statute of Limitations which is applicable in Kentucky, where the accident occurred, that statute has now run. Challenging the constitutionality of the *Seider* attachment, defendant asserted the affirmative defense of lack of in rem or quasi in rem jurisdiction in his answer. Defendant thereafter moved to dismiss for lack of in rem or quasi in rem jurisdiction (CPLR 3211, subd [a], par 9), citing the United States Supreme Court's decision in *Rush v Savchuk* (444 US 320), decided January 21, 1980, holding that the attachment of a nonresident's automobile liability policy does not confer jurisdiction over the nonresident "with whom the state has no contacts, ties or relations" *(International Shoe Co. v Washington,* 326 US 310, 319). Special Term denied the motion. We reverse. It is not disputed that defendant has no "contacts, ties or relations" with this State. Thus, he is not and has not been amenable to service of process in this jurisdiction. The fiction of his presence, quasi in rem, through the garnishment of his insurer's obligation to defend and indemnify in connection with this suit, has been eliminated by *Rush (supra).* Consequently, the court is without a defendant against whom further proceedings may be continued. In the absence of jurisdiction the issue of retroactivity becomes academic. The complaint must be dismissed. Concur—Sullivan, J. P., Ross, Markewich, Yesawich and Carro, JJ. [103 Misc 2d 586.]