■ ANDREA CACHAT et al., Respondents, v J. E. GUERTIN CO. et al., Appellants, and JOHN SCHEUER et al., Respondents.—Order, Supreme Court, Bronx County, entered on or about June 5, 1980 affirmed, without costs and without disbursements. (See *Ranz v Sposato,* 79 AD2d 549.) Concur—Birns, Sandler, Silverman and Bloom, JJ.

Murphy, P. J., dissents in a memorandum as follows: I would reverse the order of the Supreme Court, Bronx County, entered June 5, 1980, and I would grant appellants' motion for summary judgment vacating the attachment and dismissing the complaint as against them. While the instant motion was brought under CPLR 3211 (subd [a], par 8), it should be treated as a motion for summary judgment under CPLR 3212 since issue had already been joined in this case prior to the motion. Upon the motion for summary judgment, I would permit appellants to amend their answer to assert the defense under *Rush v Savchuk* (444 US 320), and I would then grant summary judgment to them for the same basic reasons stated by Justice Ross in his dissent in *Ranz v Sposato (supra),* decided simultaneously herewith. I would only stress one additional ground for dismissing the complaint. Appellants' answer was served before the United States Supreme Court's decision in *Rush (supra).* Thus, at the time the appellants' answer was served, *Seider v Roth* (17 NY2d 111) was still the controlling case law in New York State. Hence, the service of process in this case was lawfully effected under CPLR 314 (subd 3) when it was originally made.

550

Therefore, prior to *Rush,* it would have been a futile act for appellants either to make a preanswer motion to dismiss under CPLR 3211 (subd [a], par 9) or to preserve a defense thereunder in their anwser. Once *Rush* had been decided, the appellants had the right to reflect the defense then permitted by *Rush.* Clearly, appellants had not waived, nor could they have waived, a defense under CPLR 3211 (subd [a], par 9) because that defense never existed when their answer was served. CPLR 3211 (subd [e]) insofar as it relates to a possible waiver of a defense under CPLR 3211 (subd [a], par 9), must be limited to a waiver of those meritorious defenses that exist when a preanswer motion is made or the answer is served (cf. *Rich v Rich,* 103 Misc 2d 723).