■ DEBRA CARBONE, Respondent, v GAIL W. ERICSON, Appellant, and LUCILLE LA PORTA et al., Respondents.—Order, Supreme Court, New York County, entered April 8, 1980, which denied defendant Ericson's motion to dismiss for lack of in personam jurisdiction, reversed, on the law, without costs and disbursements, the motion is granted; the underlying order of attachment is vacated, and the complaint is dismissed as against defendant Ericson and the balance of the action against the remaining defendants is severed. Jurisdiction was obtained over defendant nonresident Ericson by attaching the contractual obligation of her insurance carrier pursuant to the doctrine of *Seider v Roth* (17 NY2d 111). Her answer included as a second affirmative defense the assertion that the court lacked jurisdiction over her and a third affirmative defense that if a judgment is obtained against her, it may only be satisfied from the attached *res*—her insurance policy. *Rush v Savchuk* (444 US 320) holds that the attachment of a nonresident's automobile liability policy does not confer jurisdiction over the nonresident "with whom the state has no contacts, ties or relations" *(International Shoe Co. v Washington,* 326 US 310, 319). As defendant Ericson has no contacts, ties or relations with this State, no valid jurisdiction was obtained over her. "In the absence of jurisdiction the issue of retroactivity becomes academic. The complaint must be dismissed" *(Gager v White,* 78 AD2d 617; see *Erneta v Princeton Hosp.,* 49 NY2d 829, revg 66 AD2d 669; *Morehouse v Volkswagen AG.,* 74 AD2d 164, 165-166). Concur—Murphy, P. J., Sandler, Lupiano and Lynch, JJ.

Kupferman, J., concurs on constraint of *Gager v White* (78 AD2d 617). (See concurring memorandum in *Cirillo v Transportation Vehicles,* 78 AD2d 835.)