■ ANTHONY T. ANDEROCCI, Respondent, v WOLF SALES & SERVICE CORP. et al., Appellants, et al., Defendants.—Judgment, Supreme Court, New York County, entered February 27, 1980, which, *inter alia,* awarded plaintiff $4,448.71 against defendant Wolf Sales & Service Corp., and $5,836.25 against defendant Wolf Auto Sales, Inc., unanimously modified, on the law and on the facts, without costs or disbursements, to the extent of reducing the award against defendant Wolf Sales & Service Corp. to the sum of $41 plus 15% counsel fees in the amount of $6.15 with interest from May 5, 1975, vacating the judgment against defendant Wolf Auto Sales, Inc., and dismissing the complaint against said defendant, and, except, as thus modified, affirmed. Notwithstanding clear evidence of industry-accepted custom concerning the use of "computed" or "allocated" costs in arriving at a basis upon which to calculate sales commissions, the court rewrote the terms of the employment contract. The court further ignored such custom and agreement itself by disallowing defendants' practice of increasing the cost basis of a new car by the amount of trade-in over allowance on a used car taken as part of the sales transaction. The Referee, to whom the matter was sent for a computation of damages in accordance with the court's guidelines, compounded the error by disallowing a significant part of the "demonstrated provable" costs which the court had erroneously set as a guideline. Thus defendants were twice wronged. Despite his finding that plaintiff had not sustained his burden of proving damages, the Referee nonetheless computed commissions due and owing, based in part on those records and portions of defendants' evidence which he decided to accept. We find that plaintiff failed to prove damages. "It is fundamental to the law of damages that one complaining of injury has the burden of proving the extent of the harm suffered" *(Berley Inds. v City of New York,* 45 NY2d 683, 686). In our review of the record, however, we find testimony from defendants' own witness which discloses that plaintiff was owed a commission of $41 on the sale of a new Peugeot for which defendant Sales is responsible. We modify the judgment against said defendant accordingly and dismiss the complaint against Wolf Auto Sales. Concur—Sullivan, J. P., Markewich, Bloom, Lynch and Carro, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC REYES, Appellant.—Upon remittitur from the Court of Appeals, judgment, Supreme Court, New York County, rendered on February 24, 1977, unanimously affirmed. No opinion. Concur—Kupferman, J. P., Birns, Sandler, Sullivan and Silverman, JJ.

■ SALLIE HILL, Respondent, v CLARENCE ELLIOTT, Appellant.— Order, Supreme Court, New York County, entered on July 23, 1980, unanimously reversed, on the law, without costs and without disbursements, the order of attachment vacated and the motion to dismiss granted. (See *Gager v White,* 78 AD2d 617.) Concur—Birns, Fein, Sandler and Lynch, JJ.

Kupferman, J. P., concurs on constraint. (See concurring memorandum in *Cirillo v Transportation Vehicles,* 78 AD2d 835.) No opinion.