■ ROBERT CIEMBRONIEWICZ, JR., Appellant, v MADIGAN MEMORIAL HOSPITAL, Also Known as HOULTON REGIONAL HOSPITAL, et al., Respondents. — Appeals (1) from an order of the Supreme Court at Special Term (Cobb, J.), entered October 16, 1980 in Schenectady County, which vacated an order of attachment and dismissed plaintiff's complaint; and (2) from that part of an order of said court (Viscardi, J.), entered April 23, 1980 in Schenectady County, which denied plaintiff's motion for a protective order. This is a medical malpractice action involving personal injuries allegedly sustained as a result of medical attention rendered in the State of Maine. The sole New York contact is the plaintiff's domicile here. The action was commenced in October of 1975 with jurisdiction based upon an order of attachment of a liability insurance policy issued to the defendant Madigan Memorial Hospital pursuant to *Seider v Roth* (17 NY2d 111). In answering the complaint, defendants specifically alleged that the court lacked personal jurisdiction. In May of 1980, defendants moved

to vacate the order of attachment and to dismiss the complaint for lack of jurisdiction in view of *Rush v Savchuk* (444 US 320) which held the *Seider* doctrine to be unconstitutional. In the recent case of *Morehouse v Volkswagen AG.* (74 AD2d 164), this court held that the *Rush* case is applicable to actions not yet finally determined. Accordingly, this action was properly dismissed for want of jurisdiction unless there has been a waiver of the issue by defendants. While defendants did not raise the specific objection to the attachment in their answer, they did raise the issue of lack of personal jurisdiction. The attachment is invalid, and, since there is no other basis for jurisdiction over these defendants, the complaint should have been dismissed. (See *Carbone v Ericson*, 79 AD2d 551.) The arguments of plaintiff as to a waiver simply do not reach circumstances evincing waiver such as were present in the case of *Biener v Hystron Fibers* (78 AD2d 162). The defendants have at all times asserted a lack of personal jurisdiction and since there is no *res* reachable by the attachment as a matter of law, there has been no waiver of the defense of lack of jurisdiction *(Carbone v Ericson, supra)*. In view of our holding, the appeal from the denial of plaintiff's motion for a protective order is rendered academic. Order entered October 16, 1980, affirmed, with costs. Appeal from order entered April 23, 1980, dismissed, as academic, without costs. Mahoney, P. J., Sweeney, Casey, Weiss and Herlihy, JJ., concur.