RICHARD A. KNAPP, JR., Respondent, v MICHAEL A. SHOE-MAKER, Appellant.

Fourth Department, July 9, 1981

APPEARANCES OF COUNSEL

*Mark G. Farrell (Barbara J. Delgross* of counsel), for appellant.

*Serotte, Harasym & Reich (Bruce A. Goldstein* of counsel), for respondent.

OPINION OF THE COURT

DENMAN, J.

Relying on the decision of the Supreme Court in *Rush v Savchuk* (444 US 320), which declared invalid the quasi in rem jurisdiction created under the doctrine of *Seider v Roth* (17 NY2d 111), defendant moved for summary judgment dismissing the complaint or, alternatively, for leave to serve an amended answer pleading the affirmative defense of lack of jurisdiction. Special Term denied the motion but stated that it would grant a motion to dismiss if the parties would stipulate that plaintiff would institute

an action in the appropriate jurisdiction, with recovery limited to the amount of the insurance policy, and that defendant would waive the defense of Statute of Limitations.

We are thus presented with another facet in the complex mosaic of cases brought in reliance on the doctrine of *Seider v Roth (supra)*. The facts are familiar. Plaintiff Knapp, a New York resident, was injured in an accident in Nebraska while a passenger in his own vehicle which was being driven by defendant, a resident of California. The accident occurred on February 25, 1973. On February 24, 1976 plaintiff obtained an order of attachment against his insurance policy with Travelers Insurance Company, which provided coverage for the automobile owned by him but driven by defendant at the time of the accident. Neither by motion to dismiss nor by affirmative defense did defendant challenge jurisdiction until after the decision in *Rush (supra)*. We are thus asked to decide not only whether *Rush* should be applied retrospectively, but also whether retroaction is required even where a defendant has ostensibly submitted to jurisdiction.

Since the Supreme Court overturned *Seider*, a series of cases, presenting varying factual and procedural nuances, has presented similar questions. One line of cases, in which the jurisdictional issue had been aggressively pursued by the defendant, has applied *Rush* retroactively (see, e.g., *Erneta v Princeton Hosp.*, 49 NY2d 829; *Gager v White*, 78 AD2d 617; *Uman v Timpane*, 77 AD2d 620; *Trosky v MacMillan*, 75 AD2d 721; *Morehouse v Volkswagen AG.*, 74 AD2d 164). The case before us more closely resembles another line of cases in which defendants who had not previously attacked jurisdiction were denied retroactive application. In *Ranz v Sposato* (77 AD2d 408), the court found that by appearing unconditionally, defendant had submitted to personal jurisdiction and had therefore waived any jurisdictional defect. Subsequently, the First Department followed its decision in *Ranz* in *Cachat v Guertin Co.* (79 AD2d 549). In both cases there were vigorous dissents—by Ross, J. P., in *Ranz* and Murphy, P. J., in *Cachat*—essentially taking the position that no personal jurisdiction had ever been obtained over defen-

dants under the *Seider* doctrine; that they had never been exposed to personal liability; that when the *Seider* concept was declared unconstitutional, no quasi in rem jurisdiction existed and thus the lawsuits were void *ab initio*.

In *Kalman v Neuman* (80 AD2d 116, 127) the court, treating defendant's motion to dismiss as one for leave to amend the answer to assert the defense, denied such relief "because of plaintiffs' inability to bring a timely action elsewhere based upon what we believe was a justified reliance on *Seider v Roth*".

It need hardly be stated that plaintiffs in these cases relied on the *Seider* doctrine; nevertheless, since no jurisdictional objection was available to defendant prior to *Rush* (444 US 320, *supra*) it would be inconsistent to say that plaintiffs had a right to rely on *Seider* (17 NY2d 111, *supra*) but that defendants should have had the foresight to attack jurisdiction. Courts and commentators are struggling to fashion an appropriate and just solution. Dean McLaughlin suggests that a defendant's motion to amend the pleadings to assert a jurisdictional defense under CPLR 3025 could be conditioned upon a stipulation from defendant that he will not plead the Statute of Limitations if an action is brought in another State (McLaughlin, 'Seider' on the Prowl, NYLJ, Sept. 12, 1980, p 1, col 1). Professor Siegel, recognizing the impropriety of a conditional dismissal for lack of jurisdiction, suggests that a motion to dismiss for lack of jurisdiction be treated as a motion to dismiss on the grounds of *forum non conveniens* which would permit the court to grant a dismissal conditioned upon a waiver by the defendant (NY State Law Digest No. 245 [May, 1980]). The variety and ingenuity of the remedial devices suggested are a testimonial to the adaptability and flexibility of our law. Most persuasive, however, is the position taken by the Second Circuit in *Holzsager v Valley Hosp.* (646 F2d 792) which afforded defendant relief by retroactive application of *Rush*. Although the defendant had asserted the defense of lack of jurisdiction[1], instead of relying on that fact, the court stated:

---

1. The defendant had asserted the affirmative defense of lack of personal jurisdiction which the court read as broad enough to encompass an attack on quasi in rem jurisdiction (*Holzsager v Valley Hosp., supra*, pp 795-796).

"In any event a party cannot be deemed to have waived objections or defenses which were not known to be available at the time they could first have been made, especially when it does raise the objections as soon as their cognizability is made apparent * * *

"[A]n effective waiver must, as was said in *Johnson v. Zerbst*, 304 U.S. 458, 464 * * * [1938], be one of a 'known right or privilege' ". (646 F2d, at p 796.)

The court went on to find that the three criteria for non-retroactive application, established in *Chevron Oil Co. v Huson* (404 US 97), were not met by the facts presented[2].

The court observed further that the Supreme Court is well aware of how to avoid retroactivity when it wishes to do so but that in *Rush (supra)* "[f]aced with similar conditions"[3] it did not suggest that its decision should be treated as prospective only. "If the principles of *Rush* were applied retroactively in that case, no sound reason exists for not doing so here." *(Holzsager v Valley Hosp., supra,* p 797.) Additionally, the court noted, and the concurring opinion relied on, a recent decision of the Supreme Court, *Firestone Tire & Rubber Co. v Risjord* (449 US 368) involving subject matter jurisdiction in which the court (MARSHALL, J.) stated that "[a] court lacks discretion to consider the merits of a case over which it is without jurisdiction, and thus, by definition, a jurisdictional ruling may never be made prospective only." *(Firestone Tire & Rubber Co. v Risjord,* 449 US 368, 379, *supra.)*

Harsh as it may be to the plaintiffs affected, we are persuaded that the logical conclusion to be drawn from *Rush (supra)* is that since the minimum contacts necessary to satisfy the requirements of due process *(Shaffer v Heit-*

---

2. First, "the decision * * * must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied * * * or by deciding an issue of first impression whose resolution was not clearly foreshadowed". Second "by looking to the prior history of the rule in question * * * and whether retrospective operation will further or retard its operation". Third, whether "* * * a decision * * * could produce substantial inequitable results if applied retroactively" *(Chevron Oil Co. v Huson,* 404 US 97, 106-107, *supra* [citations omitted]).

3. The effect of the court's decision in *Rush* (444 US 320) was to deny plaintiff relief in any forum.

*ner*, 433 US 186; *International Shoe Co. v Washington*, 326 US 310) were never in existence, this action and those like it were void *ab initio*, leaving the courts of this State without authority to compel a defendant to assert his jurisdictional defense only upon the waiver of another defense, viz., that of timeliness. The order at Special Term should therefore be reversed, defendant's motion for summary judgment should be granted and the complaint dismissed.

CARDAMONE, J. P., CALLAHAN, DOERR and MOULE, JJ., concur.

Order unanimously reversed, on the law, without costs, motion granted and complaint dismissed.