■ CLIFFORD CARMEN et al., Respondents, v WEST HUDSON HOSPITAL et al., Appellants. — Appeals from an order of the Supreme Court at Trial Term (Crangle, J.), entered February 2, 1981 in Schenectady County, which denied motions by defendants to dismiss the complaint. In this action, plaintiffs seek to recover money damages for injuries which allegedly resulted from the negligence and medical malpractice of defendants in connection with certain medical care and treatment rendered to plaintiff Clifford Carmen on August 2, 1975 at the West Hudson Hospital in Kearney, New Jersey. It is uncontested that defendant Coronado is a resident of New Jersey, that defendant West Hudson Hospital is located in New Jersey, that all the alleged acts of negligence and malpractice occurred in New Jersey, and that jurisdisction over defendants is predicated solely upon an order of attachment signed by Mr. Justice D. Vincent Cerrito on June 29, 1976, which attached a policy of liability insurance issued to the defendant hospital pursuant to the doctrine enunciated by the Court of Appeals in *Seider v Roth* (17 NY2d 111). Both defendants subsequently moved to vacate the order of attachment and dismiss the complaint based upon the holding in *Rush v Savchuk* (444 US 320) wherein the United States Supreme Court, in construing a Minnesota garnishment statute, effectively held that the rule laid down in *Seider v Roth (supra)* was unconstitutional because it permitted the exercise of State jurisdiction without the necessity of establishing that the defendant had such minimal contacts with the forum State so as to insure that traditional notions of substantial justice and fair play were not infringed by the assumption of State jurisdiction. By his motion, defendant Coronado additionally sought leave to serve an amended answer that would allege as an affirmative defense that the court

lacked quasi in rem or in rem jurisdiction because of the decision in *Rush v Savchuk (supra)*, but the motions of both defendants were denied by Trial Term. On this appeal, the central question presented for our determination is whether or not the court erred in refusing to retroactively apply the holding in *Rush v Savchuk (supra)* to the instant litigation, which was pending at the time the holding in question was rendered, and we conclude that it did not. The Court of Appeals has recently ruled in *Gager v White* (53 NY2d 475) that where, as here, an out-of-State defendant has voluntarily participated in litigation without specifically objecting, by appropriate motion or affirmative defense (see Siegel, New York Practice, § 111), to the assertion of jurisdiction founded on the attachment of the defendant's liability insurance policy, this participation constitutes a submission by the defendant to the jurisdiction of the courts of New York and a waiver of any contrary claim under *Rush v Savchuk (supra)*. Accordingly, the court properly refused to dismiss the complaint in the present action. Order affirmed, with costs. Sweeney, J. P., Main, Casey, Mikoll and Herlihy, JJ., concur.