■ MICHAEL MICHA, Appellant, v RAYMOND P. HNASKO, Respondent. — Appeal from an order of the Supreme Court at Special Term (Lee, Jr., J.), entered December 16, 1980 in Broome County, which granted defendant's motion to amend his answer and further granted defendant's motion to dismiss the complaint for lack of jurisdiction. On this appeal we are once again concerned with the retroactive application of *Rush v Savchuk* (444 US 320), wherein the United States Supreme Court declared unconstitutional the predicate for quasi in rem jurisdiction previously approved by the Court of Appeals in *Seider v Roth* (17 NY2d 111). The factual pattern of this case is typical of those wherein jurisdiction was based on *Seider* (*supra*). The automobile accident which gives rise to the lawsuit occurred in Pennsylvania where defendant, the owner and operator of one of the cars, resided. Plaintiff, the owner and operator of the other car, resided in New York. He moved by order to show cause for permission to attach defendant's automobile insurance policy pursuant to *Seider* as a basis for obtaining quasi in rem jurisdiction. Defendant's insurer opposed the application for an order of attachment. The matter was adjourned to allow counsel for both sides an opportunity to submit briefs on the question of whether *Seider*-based attachments were still valid after the Supreme Court's decision in *Shaffer v Heitner* (433 US 186). Special Term ultimately issued the order of attachment from which no appeal was taken. When the action was subsequently commenced based on the quasi in rem jurisdiction obtained following levy of the attachment order, defendant did not raise the issue of quasi in rem jurisdiction in either a CPLR 3211 (subd [a]) motion or as an affirmative defense in his answer. Instead, after *Seider*-based jurisdiction was held unconstitutional in *Rush v Savchuk* (*supra*), defendant made the instant motion (1) to amend his answer so as to raise the jurisdictional defense, and (2) for dismissal of the complaint on that basis. Special Term granted both parts of the motion and this appeal by plaintiff ensued. The Court of Appeals has recently held that defendants who did not specifically controvert the issue of quasi in rem jurisdiction in either their answer or by way of a CPLR 3211 (subd [a]) motion must be deemed to have waived any objection on that issue (*Gager v White*, 53 NY2d 475, 488-489). It is conceded that defendant in the instant case did not raise any objection to the issue of quasi in rem jurisdiction once the action was commenced. He did, however, through his insurer, object to the issuance of the order of attachment which served as the action's jurisdictional predicate on that very ground. This is not sufficient to enable defendant to now amend his answer for the purpose of inserting the jurisdictional objection. While it is highly unusual that an attorney would raise an objection based on quasi in rem jurisdiction in opposition to the order of attachment and then fail, as here, to object on that ground once the action was commenced, it appears that this conduct must be deemed to constitute a waiver of that objection in light of the holding in *Gager v White* (*supra*) requiring that objections to quasi in rem jurisdiction be made in the course of a pending action. Accordingly, it was an abuse of discretion for Special Term to permit defendant to amend his complaint following the decision in *Rush v Savchuk* (*supra*) for the purpose of controverting the jurisdictional issue and to dismiss the complaint on that ground. Order reversed, on the law, with costs, and motion by defendant denied. Mahoney, P. J., Kane and Weiss, JJ., concur.

Sweeney and Levine, JJ., dissent and vote to affirm in the following memorandum by Sweeney, J. Sweeney, J. (dissenting). We disagree with the

result reached by the majority and, therefore, dissent and vote to affirm. Special Term's granting of permission to defendant to amend his answer was, in our view, not an abuse of discretion. The record clearly demonstrates that when plaintiff initially sought permission to attach defendant's insurance policy pursuant to *Seider v Roth* (17 NY2d 111) defendant opposed the application. His attorney stated in an affidavit that the matter was adjourned to give both counsel an opportunity to submit briefs in view of the uncertainty as to the validity of the *Seider* holding following the decision in *Shaffer v Heitner* (433 US 186). The issue is one of waiver. The record manifestly establishes that defendant did not waive his objection concerning jurisdiction. Furthermore, we are unable to accept the majority's narrow and restricted interpretation of *Gager v White* (53 NY2d 475). Finally, it should be noted that the instant case is readily distinguishable from our recent case of *Carmen v West Hudson Hosp.* (84 AD2d 875) where the application for the attachment of the insurance policy was, unlike in the instant case, made without objection. The objection in *Carmen* came much later after years of participation in the litigation and after the decision in *Rush v Savchuk* (444 US 320). We properly concluded this was a waiver. The defendant in the present case sufficiently challenged the validity of the jurisdiction found unconstitutional in *Rush* so as to allow the application of *Rush* to the present case. There should be an affirmance.